Baldwin, J.
delivered the opinion of the court.
As regards the tenement on the south side of E or main street in the City of Richmond, together with the lumber house on the opposite side of the adjoining alley, in the proceedings mentioned, the court, without deciding under what circumstances, if any, a parol gift of real estate from a father to a child, accompanied by delivery of possession, ought to be enforced or recognized by a court of equity, against the creditors of the donor, or subsequent purchasers from him, or against the donor himself, is of opinion that, in the present case, no equitable right to such relief or protection, in respect to said property, has been shewn by the appellee Mary W. Terrell, formerly Mary W. Ricks, and her daughter, the appellee Debora,h Ann Ricks, or either of them, under the gift in the proceedings mentioned, asserted by the said Mary W. as having been made by her father George Winston to her and her former husband Arnold W. Ricks. And the court is further of opinion, that the rights of the creditors of the said George Winston, in regard to said property, cannot be affected by the decree of the late superior court of chancery for the Richmond district, in the proceedings mentioned, rendered on the 13th of June 1821, in a cause then depending therein, between the said Mary W. Ricks and Deborah Ann Ricks plaintiffs, and the said George Winston and James Winston and Charles James Macmurdo defendants, by which decree the said defendants were directed *428 to convey to the said Mary W. for her life, with remainder in fee simple to the said Deborah Ann, the property aforesaid; the said creditors not having been parties in that suit. And in regard to the arrangements, contracts and other transactions between the said Mary W. Ricks and George Winston in the proceedings mentioned, by which it was, amongst other things, pretended, that the said Mary W. became the creditor of her said father to a large amount; that she acquired certain of the personal property and funds which had been embraced in the general deed of trust of the 21st of August 1820, executed by the said George Winston'for the benefit of his creditors; that said Winston became engaged and employed in her service and as her agent, with her resources and upon her credit, in the business of house building, and that she was entitled to the proceeds thereof, and the' property and funds thereby acquired: the court is of opinion, that the said arrangements, contracts and other transactions between the said Mary W. Ricks and George Winston, were fraudulent devices and contrivances for the purpose of defeating the creditors of said Winston, and securing to him and his family the products of his skill, labour, resources and contracts, against their demands; that the said George Winston was in no wise indebted to the said Mary W. Ricks; that she acquired no right to any of the property or funds embraced in the trust deed aforesaid, as against the creditors of said George Winston, nor as against them to the benefit of the contracts in the proceedings mentioned, made in her name with David Bullock, and with Bullock and Ship hard, nor to the purchase in her name in the proceedings mentioned, of the property sold by the trustees Nathaniel C. Orenshato and Benjamin Sheppard, under the deed of trust of the 5th of July 1820, executed to them by said George Winston and Pleasant Winston, to secure a debt to Edmund B. Crenshaw, and by said trustees conveyed to said Mary *429 W. Ricks by their deed of the 30th of April 1825; the said contracts and purchase last mentioned having in truth been made by means of the labour, skill and resources of the said George Winston, and for the benefit of him and his family, except so far as an interest in said purchase may have been acquired by Elizabeth C. Winston, wife of Pleasant Winston, in regard to which the court expresses no opinion. And as regards the lot in the answer of said Mary W. Ricks mentioned, as having been purchased for her by said George Winston, from James Winston, trustee of Nathaniel Winston, and conveyed to her by said James Winston on the 27th of May 1821, and improved for her by said George Winston; the court is of opinion, that the same must be treated, in respect to the creditors of said George Winston as his property, the transaction being a fraudulent contrivance, upon a feigned consideration, as between the said George and the said Mary W., for the purpose of defeating said creditors, and securing the benefit of said property to him and his family. And the court is further of opinion, that the conveyance in the proceedings mentioned, from the said Mary W. Ricks to her brother Thomas B. Winston, and the conveyances in the proceedings mentioned, from her to her four sisters, Elizabeth Clark, Lucy Ann Kyle, Amelia iJ. Winston, and Virginia J. Winston, were as between the grantors and grantees merely voluntary, and as between the said Mary W. Ricks and George Winston, parts of their fraudulent arrangements and transactions aforesaid, contrived for the purpose of defeating the creditors of the said George Winston: and that the property, interest and funds thereby conveyed, are subject to the demands of said creditors. Wherefore the court is of opinion, that the said decree rendered in this cause, by the said superior court of chancery for the Richmond circuit, is erroneous, except so far as it relates to the question, whether interest was chargeable to Rives *430 Harris upon the rents of the lumber house therein mentioned, until collected from them by the receiver of the court. And the court is further of opinion, that though the general deed of trust above mentioned, executed by sa^ George Winston on the 21st of August 1820, is not impeached as fraudulent by the informations of the attorney general filed in this cause, yet that the fairness and validity of that deed are involved in the question of priorities amongst the creditors of the said George Winston, seeking satisfaction out of the property thereby conveyed, and his other property, under the several incumbrances and liens of said creditors, in the proceedings mentioned; as are also the fairness and validity of the conveyance in the amended information mentioned, made by the said George Winston to his son James Winston, and of the several conveyances in said amended information mentioned, made by the said George Winston to his son Pleasant Winston. And the court is further of opinion, that the attorney general ought to be required to amend his informations, so as to state distinctly the liens, incumbrances and priorities claimed by the commomoealth, and the grounds upon which she impeaches any of the liens, incumbrances, conveyances and priorities claimed by others, and so as to state distinctly the property, funds and effects which she seeks to subject to the satisfaction of her demands against the said George Winston’s representatives and his sureties the said James Winston and Pleasant Winston : and making all proper additional parties not now before the court. And that accounts ought to be directed before a commissioner, of the property, funds and effects of the said George Winston in the hands of the said Mary W. Terrell, formerly Mary W. Ricks, and others claiming under her; and of the property, funds and effects of the said George Winston, embraced in the aforesaid general deed of trust executed by him on the 21st of August 1820; and of any other property, *431 funds and effects of his, in whose hands soever they may be, liable to the demands of his creditors; and of the rents, profits and proceeds of all such property, funds , . , . ... .. i or effects; and of the several priorities claimed by and. amongst his said creditors: and also such other accounts as in the further progress of the cause may he found necessary to the rendition of a final decree. Wherefore it is decreed and ordered, that so much of the said decree rendered in this cause, as is above declared to be erroneous, he reversed and annulled, with costs to appellant against Terrell and wife, Deborah A. Ricks, Thomas B. Winston, Elizabeth H. Clark, Amelia II. Winston, Virginia J. Winston, Hazlet Kyle and Mary Ann Kyle his wife, and George Winston’s administrators, and the cause remanded for further proceedings according to the principles herein declared.