Anderson, J.,
delivered the opinion of the court.
A bill in chancery was exhibited, in the Circuit court of Richmond city, by the appellees, and Lewis James Smith, an infant, who sued by his next friend, against the appellant, to recover a trust fund, which they allege is in his hands as trustee, and belongs to the female plaintiff, and the said Lewis James Smith, her child, in equal moities. They claim $2,229.58, the amount received by the appellant, on a life policy issued by the Mutual Benefit Life Insurance Company of He war k, New Jersey, insuring the life of William J. Smith, with interest thereon, by virtue of an assignment in the following words: “For value received, I do hereby assign, transfer and set over unto William Holt Richardson, trustee, the above named policy of insurance, and all sum or sums of money, interest, benefit and advantage whatsoever, now due or hereafter to arise, or to be had or made by virtue thereof; to have and to hold unto the said William Holt Richardson, trustee, for *708 the benefit of my wife, Sarah Jane Smith, and her children. In witness whereof, I have hereunto set my hand and seal, the 23d day of April, one thousand eight hundred and fifty-eight. [Signed,] Wm. J. Smith.”
The appellant admits the receipt of the mouey, but denies that he received it under that assignment. If there was such an assignment he says he never accepted it, or acted under it. He alleges that he received said trust fund by virtue of a' deed of trust executed to him by said Wm. J. Smith, and acknowledged by said Smith on the 21st of June 1858, and which was executed and acknowledged on his part on the 6th of July 1858 ; and which is in the following words: “Know all men by these presents that I, William J. Smith, of the city of Richmond, for and in consideration of the love and affection I have for my wife, Sarah Jane Smith, and her children by her intermarriage with me, now born, or hereafter to be born, do grant, assign, transfer and set over, unto William Holt Richardson, of the said city, the life policy (Ho. 5,858) granted by the Mutual Benefit Life Insurance Company of Newark, New Jersey, to the said William J. Smith, in which the said company do assure the life of said Smith, in the amount of twenty-five hundred dollars, upon the conditions in the said policy set foi’th. The said policy was assigned by the said Smith to the said Richardson, as trustee for the benefit aforesaid, by an assignment bearing date the 23d of April 1858, with the consent of the said company, bearing date the 26th of April 1858 ; this assignment is now made in aid of the first assignment, and out of abundant caution, and ostensibly for the purpose of being placed upon record, by which the said Smith conveys in trust to the said Richardson, as aforesaid, the above named policy of insurance, and all sum or sums of money, interest, benefit, and advantage whatsoever now due, or hereafter to arise, or to be had or made by virtue thereof; but it is the desire and intention of said Smith, by these *709 assignments, that in the event of the death of his said wife and her children by him, the children dying under age and without children, that the said trustee is to convey the principal money recovered from the said company to the children of said Smith, by his first marriage, in equal portions.” Signed and sealed by “¥m. J. Smith and ¥m. Holt Richardson.” He alleges that in all his acts as trustee, he acted under the authority of and in discharge of the trusts of this deed alone, which he construes to invest in the female complainaut a life estate alone in the said fund, with the remainder to such of her children by said Smith as survived her, and in the event of the death of her child or children under age, and without children, to go to ¥m. J. Smith’s children by the first marriage in equal portions. He claims also to have invested the fund or a large portion of it iu Confederate securities, in which he ought to be protected. And he insists that the children of William J. Smith, by his first marriage, should be made parties ; and gives their names and residences. They were not made parties, and upon that ground, it is insisted that the decree is erroneous.
Were they necessary parties? They are interested contingently in the establishment of the deed of trust. Should that contingency happen—if this decree is not binding on them, not being parties, what is there to prevent the assertion of their claim under the deed of trust against the trustee ? If this decree is not binding on them it could not be pleaded by the trustee in bar of their demand or relied on for his protection. In Clark v. Long, 4 Rand. 452, J. Carr, iu delivering the opinion in which the other judges concurred, says : “ It is the constant object of courts of equity to do complete justice by deciding and settling the rights of all persons interested in the subject of the suit, so as to make the performance of the order of the court perfectly safe to all those who are compelled to obey it, and to prevent future litigation. For this purpose all persons materially *710 interested ought to be parties, plaintiffs or defendants, however numerous they may be, that a complete decree may be made between them.” If this decree is not binding upon the children of Smith by his first marriage, w^° kave clearly a material interest under the deed of trust, which the trustee acknowledges, and under which he professes to have acted, can it be said to he, in the language of J. Carr, perfectly safe for the trustee who is compelled to obey it ? Is it a complete decree between all the parties materially interested ? It is, if it is binding upon the children by the first marriage ; otherwise it is not.
In Collins v. Lofftus & Co., 10 Leigh, 5, and of the Commonwealth v. Ricks, 1 Gratt. 416, decided by this court, it was held that cestuis que trust, not being parties, .are not bound by the decree. In the first of these cases, a testator bequeathed property to trustees for the benefit of his daughter. In a suit by creditors of the testator against the trustees, the court decreed that the property should be subjected to the payment of the debt. It was held that the decree was not binding upon the daughter, she not having been a party to the suit. Tucker, P., in delivering his opinion, in which the other judges concurred, says: “At law, indeed, the trustee is the proper party defendant; but in equity no decree can be rendered affecting the rights of the cestuis que trust unless he is a party; for it is a fundamental principle in the court that all parties, however remotely concerned in interest, must be before it or no decree can be made to bind them. This is particularly the case as to cestuis que trust, since the trustee is a mere nominal party, and the real beneficial interest is in th a cestuis-que trust.” In the other, the case of the Commonwealth v. Ricks, supra, it was held that a decree against a trustee subjecting property which had been conveyed to him for the benefit of creditors of the grantor, was not binding upon them—the cestuis que trust—they not having been parties to the suit. *711 la these cases, it will he observed, the trustees had no interest adverse to the cestuis que trust, whose interests they represented. "We are aware that a different rule has prevailed in other cases, as in New York, in the case of Rogers, &c. v. Rogers, &c., 3 Paige R. 379; and see Van Vechten, &c. v. Terry, &c., 2 Johns. Ch. R. 197. Yet it seems to have been adopted by this court, as stated in the cases above , cited. We would not say there is no case in which the cestui que trust is not bound by the decree where he was not a party; but in the case in hand the, trustee in one important aspect of his defence, in which he claims to have invested the fund, occupies a position adverse to the cestuis que trust both under the deed and the assignment, and therein cannot be said to represent their interests. Without, therefore, prescribing any fixed rule upon this subject, we are of opinion that in this case, in order to a complete decree, which would prevent future litigation, and protect the rights of the trustee, the children of Wm. J. Smith by his first marriage should have been made parties. This court has. been reluctant, when a cause has been proceeded in to a final decree, to undo all that has been done because of a failure to make certaiu persons defendants who, strictly speaking, ought to have been parties. Yet there are many cases where it has reversed the decree, and sent the cause hack for want of proper parties. A recent important case decided by this court, the case of White v. Humes, not reported, is an example. In this case the objection was pointedly made in the lower court, and we are of opinion, for the reasons given, without deciding any questions raised upon the merits, which would be premature, that there is error, in the decree in not requiring the plaintiff to amend his bill and make the children of Wm. J. Smith, by his first marriage, parties defendants, and that the same must upon that ground be reversed.
Decree reversed.