Tuesday, Nov. 19th, 1816. The following was entered as the Opinion and Decree of the Court. (1)
In passing an opinion upon this long and complicated case, in which the Decree of the Court of Chancery seems predicated upon the fourth Report made in the cause, the Court will confine itself to that Report; to the exceptions of the parties thereto; and to points made by the Counsel respectively ; considering, that any inferior and subordinate points, not brought before the Court in one or other of these modes, have been acquiesced in by the parties.
With respect to the exception of Blrs. Lee, the Executrix of Thomas Ludwell Lee, an Executor of George Carter, against the payment of nearly two thousand seven hundred dollars, which, she alleges, were improperly charged to her, on the ground that the evidences of the credits constituting that item were put into the hands of Landon Carter, the surviving Executor of George Carter deceased, who, she alleges, has collected, or is in progress to collect them; the Court is of opinion that the same was rightly disallowed, because the Appellees ought not to be turned around to the surviving Execu- *239 ¿or, on grounds, of the existence of which they may have been ignorant, and when she has not furnished them with the means of charging the said surviving Executor' therewith. The supposed hardship of this decision upon Mrs. Lee may however, be obviated, in taking the accounts between the two Executors of George Carter, in pursuance of this Decree, when each Executor is to be charged with the sums appearing due by him, by the evidence exhibited; which accounts are hereby directed to tie taken accordingly : and, as to the interest on this sum, it follows as an accessary to the principal.
As to the private account of the Appellant Landon Carter, with the estate of bis. Testator George Carter, the Court is of opinion it was proper to he adjusted in this controversy, although it may not have been specifically and particularly put in issue; and that an account thereof ought to have been taken. With respect to the accounts of George Carter with the estate of Robert W. Carter, the Court is of opinion, that, as it was the duty of Landon Carter, as Executor of George Carter, to collect and apply debts, due to that estate from the estate of Robert W. Carter, it was also proper to adjust those accounts in this suit; the said Landon Carter being Executor to both estates.
The Court is farther of opinion, that, as the sums paid by Robert W. Carter, on account of Cooper's debt, herein after mentioned, were never reclaimed by him in his life time ; hut, as, on the contrary, he provided a fund, by his Will, for the payment of the balance of that debt, they should not now be claimed from tiie estate of George Carter, but be considered as a payment, or advancement to him, and, as such, extinguish the previous accounts of George Carter against his father, which are slated to have been of inferior amount. The last mentioned account is to be taken separately, however, from the private account of Landon Carter.
The Court is farther of opinion, that Cooper's gaming debt ought not to be allowed to the Executors of Mr. Lee in the settlement of his accounts. That debt, if not stamped with fraud and imposition in its very origin, carries evidence, on the face of the instrument, by which it is supposed to have been guaranteed, that it arose for money won at gaming. Of the terms of that instrument, none of the subsequent holders *240 are proved, or can be supposed, to have been ignorant ; and the transaction is proved to have been of general notoriety. As to the Will of Robert W Carter in relation to this debt, it was not made in favour ot Cooper, or any ot his assignees. It added no new sanction, and gave no new character to this claim. It imposed no new obligation of payment on George Carter., as a condition of the devise to him, which relates to it. That devise was made in favour of the Testator himself and his estate, by substituting a particular fund in lieu of his previous liability. It could not bind Cooper to waive his prior ground of claim, and rely on the substituted fund. It was made by Robert W. Carter, as a surety for. Cooper’s debt, and probably under an idea that he was bound to pay it. It results, from these considerations, that the Executor of George Carter ought not to have paid this debt; and, whatever his motives may have been for the haste, with which he proceeded to compound and discharge the same, they cannot vary in his favour the general principles, by which this debt stands reprobated as aforesaid.
The Court approves of the principles, embraced by the sixth instruction of the Chancellor in the proceedings contained; namely, “ that the money, directed to be invested in “ Government Securities, should be accounted for, as if in- “ vested, after a reasonable time for that purpose, &c.;” with this exception, that the Executors should not be charged with interest thereon during such reasonable time ; it being presumed that, during such time, the Exeeutors would not use it for their own purposes, but would keep it by them for the purposes of making such investments. As to the claim of interest upon the dividends of such investments, supposing them made, the Court is of opinion that, although such dividends were intended for the support of the Testator’s family ; and although, if such investments had been made, the dividends might, have probably been received without difficulty, on application at the proper offices; yet, as they were not in fact received, no interest should be allowed on such dividends. The farthest the Court has gone is to allow interest upon rents, hires and interest, when actually received.
The allowance of such interest, in this case, would open a wide field, in relation to this subject; and the principle might *241 tjs equally relied on in all other case3, in' which it might be presumed that the interest, though not in fact received, might have been obtained on application. As to what was said of its being unknown to the Executors what was the amount of the debts of George Carter; and that, therefore, they could not safely make the investments at an early period of their Executorship, the Court remarks; 1st, that those debts, though perhaps large, were probably not numerous; and, 2d!y, and chiefly, that if such investments had been made by the Executors in their own names, as such, (as they ought) the stock could at any time have been converted into money, and applied to the payment of the debts of their Testator.
With respect to Beale’s bond, and all the other items of the private accounts of Landon Carter, and of the estate of Robert W. Carter, with that of George Carter, other than those relating to the sums paid to Cooper as aforesaid, the Court passes no opinion upon them, as those accounts remain to be taken by a Commissioner.
As to the Commissions eharged in this case, the Court is of opinion that, although, under peculiar circumstances, an allowance may be made to Executors, in addition to the Commissions given to Attoruies for the collections of debts confided to them, such additional Commissions ought not, in general, to be given, where the debtors reside in, or near tbs neighbourhood of the Executors, who, consequently, might easily collect the monies themselves.
Therefore it is decreed and ordered, that so much of the Decree of the said Court of Chancery, as conflicts with the principles now stated, be reversed and annulled ; and thal the residue thereof be affirmed ; and also that the Appellants out of the estates of their Testators in their hands to be administered, if so much thereof they have, hut if not, then out of their own estates, pay to the Appellees, being the parties substantially prevailing, their costs by them about their defence in this behalf expended. And it is ordered that the canse be remanded to the Court of Chancery, to be there finally proceeded in, pursuant to the principles of this Decree-

 Wote. The Courts’ opinion was read by Judge Roane a few days before, but re-considered in consequence of some suggestions from the Bar. In pronouncing it on this day he made the following remarks on the part of the Court:
The Decree is now to be entered precisely as it was reported the other day, the Court only striking out so much thereof, as might be supposed to imply that each Executor is liable for the acts of the other; a point unnecessary to be decided in this case, and which is therefore left open for future consideration and decision.
With respect to the Costs, the Court is clearly of opinion that the Appellees will gain by this decision more, than they got by the Decree complained of. They will gain more money, though perhaps some particular items may have been erroneously decided in their favour ; and therefore the Appellants were not aggrieved by that Decree, but the contrary. The Appellees were injured thereby, and are now to be considered as the party substantially prevailing. The Court is also of opinion, that, as the two Executors joined in this appeal, they cannot be separated in awarding the Costs.