The President
delivered the opinion of the Court. *
It seems to be very clear, that the testator intended that his children should take equal portions of his property. He expressly declares his design to be, to make all'his children equal in point of property. That it was to be an equal portion, in relation to what he had specifically deyised to them, and nothin relation to his whole estate, including money, is not to be inferred from the use of the words, “estimate,” and “■specifically devised,” in the will, as was argued. Words in a will are to be construed according to the subject matter to which they are made to apply, by the whole context of the will. Though money *185 cannot be estimated or valued, in the strict sense of’those terms; yet, as it was his purpose, more than once expressed, to make the fortunes of his children equal, to that purpose money may be estimated and valued. So.also, it may be said to be specifically devised. This last expression also, may have been used to distinguish the several bequests from the residuum. In the codicil, which is to be taken as a part of the will, the expression “previously given,” and the term “provision,” are also used in reference to the same subject. They clearly include money, as well as specific property. Money may be given, and is also included in the term “provision.”
As to the claim to interest upon interest on the 1000Í. legacy, there is nothing in the will to justify it. The testator may have designed it as maintenance, until the death of his wife, when provision is made for the legatee; but he calls it interest, which does not generally carry interest; and if he intended that it should, he would have said so.
Such a construction would also make the portion unequal, which was intended to be equal.
The decree is therefore to be affirmed.

 Judge Coaster absent.