Judge Carr.
This is an action of debt on a penal bill. The defendant pleaded payment and a special plea of usury, setting out at length, the several sums on which the usury is alleged to have been taken for forbearance, and the amount of the sums so charged to have been taken. Issue was joined on both pleas, and a jury sworn. At the trial, the defendant tendered a demurrer to the evidence, which was joined by the plaintiff. The jury found a verdict, subject to the judgment of the Court on the demurrer. The Court decided, that the evidence was sufficient in law to maintain the issues joined on the part of the plaintiff, and rendered judgment accordingly. The defendant appealed.
The first objection taken for the appellant, is, that the tender and joining in demurrer, were erroneous, the evidence being all on the side of the demurrant. But, this does not consist with the record; for the demurrer commences by stating, that the plaintiff introduced, to support his action, a bond in these words and figures; and goes on to set out at large the penal bill, which is the foundation of" the action. ■ •.
*408 After stating the plaintiff’s evidence, the demurrer states that of the defendant, consisting.of several accounts, and the evidence of a witness This was proper, as this Court has often decided, that a demurrer to evidence should contain the evidence on both sides. If the plaintiff’s counsel had considered the demurrer frivolous, he would have refused to join'in it; and the Court, if they had agreed with him in opinion, would not have compelled him to join. In that event, the defendant would have excepted to the opinion of the Court, and brought up the case in that shape. The plaintiff’s counsel, however, did not refuse, but joined in demurrer; and, if in this he erred in judgment, it was an error of which his client might have cause to complain, but I cannot see how the adversary could take exception to it. It was placing the cause on the very ground he wished.
It is next contended, that the evidence supports the plea of usury, upon two grounds: 1st, Because, in the annual settlements, interest is added to the principal, and this balance is made an interest-bearing fund from that time forward, thus taking compound interest. 2d, Because, in the calculations of interest, a larger sum, in some instances, is taken, than the interest at 6 per cent, would amount to.
With respect to compound interest,- there has been considerable difference of opinion and of practice in the English Chancery. Some of the early cases allowed it; but the general rule, as settled by the latter cases, is, that it shall not be allowed. There are still some special circumstances, under which compound interest is allowed; as where a settlement of accounts takes place, after interest has become due, and an agreement is then made that the interest due shall thereafter carry interest; or the principal and interest are computed in a master’s report, and the same confirmed; for, after confirmation, it is considered as a judgment. But, an agreement made at the time of the loan, that at the end of the year interest shall become principal, will not be allowed; not that it is usury and will *409 vender the contract illegal and void, but because the Chan-eery considers it hal'd and oppressive and tending to usury. The agreement that interest become due, shall carry interest, must be prospective only. To give it a retrospective effect; to say that interest due,.shall bear interest from a time previous to the agreement; is equally objectionable, as an original agreement that interest when due, shall become principal. Perhaps it is more mischievous; for, at the original agreement,- the parties are independent of each other, and free to contract or not. Subsequently, they meet on different and unequal terms, as debtor and creditor, the one probably distressed, and unable to pay; the other, in a situation to take advantage of this distress, and exact oppressive stipulations. It is said by Chancellor Kent, Vanbenshooten v. Lawson, 6 Johns. Rep. 319, that the agreement, though made after the interest be due, and to operate prospectively only, must also be in writing; and for this, he refers to the case of Thornhill v. Evans, 2 Jlih. 330, where he says, Lord 'Hardwicke directed the master, in taking an account of what was due for principal and interest on the mortgage, to enquire what arrears of interest were, from time to time, agreed in writing, to be turned into principal after such arrears became due, and such arrears to be considered principal from the respective times of such agreement. I have examined the case in Jltkyns, and I can find not a word (in my edition) either in the case, or the Chancellor’s directions, about the agreements being in writing. Perhaps, however, it is not amiss that the general position should be thus modified. The case in Jltkyns was one of great oppression, and practised by counsel on his client; which was properly considered as rendering it more aggravated. Lord Ilardwicke seems to admit there, that if a mortgagor does not pay the interest regularly, the mortgagee may, upon agreement, turn the interest into principal; but then he adds, it must be done fairly, and is generally upon the advance of fresh money, and even then, it is *410 reckoned a hardship upon a mortgagor, and an act of oppression. In Chambers v. Goldwin, 9 Ves. 254, Lord Eldon says, that there is nothing unfair, nor perhaps illegab in taking a covenant originaliy, that if interest is not paid at the end of the year, it shall be converted into principal; but this Court will not permit that as tending to usury, though it is not usury. In an earlier case, Waring v. Cunliff, 1 Ves. junr. 99, Lord Thurlow had said, “my opinion is in favor of interest upon interest, because I do not see any reason, if a man does not pay interest when he ought, why he should not pay interest for that also. But (he adds) I have found the Court in a constant habit of thinking the contrary; and I must overturn all the proceedings of the Court if I give it.” In ex parte Sevan, 9 Ves. 203, Lord Eldon remarks, “as to the question of compound interest, it is clear you cannot a priori agree to let a man have money for twelve months, settling the balance at the end of six months; that is, you cannot contract for more than 5 per cent, agreeing to forbear for six months; but if, at the end of six months, you agree to settle accounts (that not being a part of the prior contract) and then stipulate that you will forhear for six months, upon those terms, that is legal.” Many other cases might be cited to support the positions I have taken; but I will content myself with referring to Connecticut v. Jackson, 1. Johns. Ch. Rep. 13. Vanbenshooten v. Lawson, 6 Johns. Ch. Rep. 319, where the Chancellor has collected the cases, and treated the subject with his usual care and ability5'.
The next objection taken is, that too much interest is ■taken; as the accounts A. B. & C. will shew. I have examined the calculations. Some of them are correct; some incorrect; some take too much, some too little interest. Upon the whole, I am inclined to think there is less interest included, than upon the strictest principles the party was entitled to. To constitute usury, there must be an intention to take more than legal interest. Wherever *411 such intention appears in the taking more than legal interest, it is evidence of the corrupt agreement required by the statute; though the party may never have heard of the law, or may think that he is steering quite clear of it' Ignorance or mistake of the law excuses no man; but a mistake of fact does excuse. A miscalculation innocently committed, or the mistake of a scrivener in putting one sum for another, will never charge a party with usury. The errors in the account seem to be the effect of pure mistake. This is an inference which a jury could hardly fail to draw from an inspection of the account; and which the.Court might well draw upon the demurrer, if it were necessary. But it is not; for, the witness who made the calculations and took the bond, swears, that he had no intention of taking usurious interest, and that there was an agreement to'correct all mistakes.
I am clear that there is no usury proved, and that the judgment must be affirmed.
Judge Green.
There are many cases in which the taking of compound interest is lawful, as in the cases mentioned by Judge Carr. But I should incline to think, that the taking it might, under circumstances, be usurious; as, if upon a debt of long standing, for the sake of getting further forbearance, the debtor, instead of giving a new security for the principal and simple interest, incurred upon the debt, were to agree to make annual rests, and to compound the interest for the time already past, and give a new security for the principal and interest so compounded, the whole to carry interest. Such an accumulation of the debt, arising from the compounding of the interest, might be considered as a premium for the further forbearance. The case at bar has no such features. The balance upon the accounts up to May 1, 1816, due to the plaintiffs, was $ 102 08 cts. Before striking this balance, no interest was charged. *412 From that time until the 24th of September, 1817, no payment whatever was made by the defendant. On the 30th of June, 1817, the account is again balanced, and. interest charged up to that time, from the 1st of May, 1816, on the balance then due, and upon the cash advances made to the defendant up to that time, from the dates of the advances. In adjusting the accounts up to the 30th of June, 1818, $13 80 cts. are charged for interest, and no more. This is charged at 5 months interest on the aggregate balance of the 30th of June, 1817, composed of principal and interest. This is clearly a mistake in some way or other; and the plea alleges that this interest, $ 13 80, was agreed to be allowed from the 30th of June, 1817, to the 30th of June, 1818. Upon adjusting the account on the strictest principles, in regard to stating interest, the plaintiffs, instead of $ 13 80, were entitled to $ 17 84, for interest on the principal sum due, between those periods; and the balance due them on the 30th of June, 1818, was $274 12, instead of $270 11, as shewn by the accounts; and the interest on so much of that balance as was principal, up to February 8, 1819, when the bond was given, was $9 71, instead of $ 9 45, as included in the bond. The parties, therefore, have not stipulated for more than legal interest. If a mode of calculating interest, which gives to the creditor more than legal interest, is adopted, and the creditor knows it will have that effect, he is guilty of usury, although he may not suspect that he is violating the law. But no miscalculations, nor mistakes of the scrivenér in dates, sums or otherwise, can make the transactions usurious. The bond taken in this case does not secure to the plaintiffs as much interest as they were entitled to; and it is impossible to believe that in taking it, they intended to secure usurious interest. The judgment should be affirmed.
Judge Cabell concurred, and the judgment was affirmed.*