Samuels, J.
delivered the opinion of the court:
The court is of opinion, that the decree of this court, rendered in this cause when formerly here upon appeal, did not preclude the administrators of John *612 Armstrong deceased from showing that a portion of the assets with which they were charged had become unavailable without default of the administrators, and therefore not proper credits for the estate; nor from showing any proper debits to the estate for money paid in discharge of debts due from their intestate, which had been omitted from the account, without default in the administrators; and that the Circuit court erred in holding the said administrators concluded by the decree of this court from asking relief against the errors alleged to exist in these particulars.
The court is further of opinion, that upon the arrival at full age or marriage of the wards respectively, or upon the death of John Armstrong, his authority as guardian ceased; and that from the termination of the guardianship, the account between the several wards and John Armstrong in his lifetime, or his estate after his death, should be taken, charging simple interest on any balance then in hand and on money thereafter received, on the ordinary principles governing accounts between debtor and creditor, as contradistinguished from the principles governing accounts between guardian and ward, during the guardianship.
The court is further of opinion, that as the money of the wards derived from the estate of their mother, their slaves and land, came to the hands of John Armstrong as guardian, his bond of office bound him in his lifetime, and his estate after his death, for the interest, hires and rents respectively received by him, whether received before or after the expiration of his authority as guardian. So much thereof as was received whilst his office continued, to be accounted for as guardian up to the time he ceased to be guardian ; and thereafter the balance then in hand, and any interest, hires or rents thereafter received, to be *613 accounted for on the ordinary principles governing accounts between debtor and creditor.
The court is further of opinion, that the estate of John Armstrong should not be charged with interest on the several sums of money received as principal, interest, hires or rents from the day of the receipt thereof, but should be allowed six months in which to make investments.
The court is further of opinion, that the credit allowed to Armstrong’s estate for the board and clothing of his several wards, is reasonable, and was properly allowed; and further, that no charge should be allowed to the several wards for services rendered to their guardian whilst living in his family; that the condition of the guardian’s family did not require the services of these hired girls in its domestic affairs, so that those services were of but little value to him. The guardian being charged by law with the custody of the persons of his wards, they, being females, were properly retained by him in his own family, and should not have been hired or bound apprentices to strangers, unless necessity had required it. The labor performed by the wards had the effect of instructing them in arts and skill which will be useful to them through life; they should not be permitted to allege that the guardian, under the circumstances, should have hired them out, or bound them apprentices, and not having done so, be charged for services rendered. A due regard for the proper custody of their persons should not be overlooked for any pecuniary consideration whatever, much less for any value attached to their services.
Thus the court is of opinion that the decree of the Circuit court is erroneous. It is therefore adjudged, ordered and decreed, that the same be reversed and annulled, and that the appellees do pay to the appellants their costs in this court expended; and that *614 the cause be remanded, with directions to have the accounts reformed upon the principles of this decree, upon the materials now in the record, and upon such further proof only as may be taken to show at what periods Armstrong’s wards severally ceased to be under his control as guardian, by their arrival at full age or marriage, or by the death of Armstrong. Which is ordered to be certified, &c.
Decree reversed.