Christian, J.,
delivered the opinion of the court:
The only question we have to determine in this case is, whether the decree of the circuit court of Fauquier abating the interest during the war upon the debts due to the appellants was erroneous?
This question arises upon the report of a commissioner made in the cause, and which is as follows:
“It appeared to the satisfaction of your *585 commissioner, that the said Henry T. Dixon, from early in 1861 to the end of the late war, lived outside of the confederate lines; and that from August 1861, to July 186S, he held a commission as additional paymaster in the United States volunteers (said commission having been produced before your commissioner), and during this entire time he (Dixon) was subject to the authority and laws of the United States government.
“The creditors (the appellants et als.) herein mentioned were residents of the state of Virginia, then a state in ‘the Confederate States Government of America. ’ Under this statement of facts your commissioner has not allowed interest upon the different debts due by said Dixon to the creditors herein, who were during the recent war living in the said confederate government.”
*The general principle that where debtor and creditor are separated during war, one residing on one side of belligerent line, and the other on the other side, the interest during the period of the war must be abated, does not seem to be seriously controverted by the counsel for the appellants. But if it had been, the general rule has already been declared by this court in Cole v. Bright, decided at the present term. It is true, in that case, the creditor left his debtor in Williamsburg then, and during the war, in the occupancy of the federal army, and came into the confederate lines. But the principle declared in that case was, that when debtor and creditor were separated by the belligerent lines the interest must, be abated. I refer to that case and the following authorities to establish the doctrine, that interest during the war, where debtor and creditor are separated by belligerent lines, must be abated. Hoare v. Allen, 2 Dall. R. 102; Mr. Jefferson’s letter in note McCall v. Turner, 1 Call 115; Brewer v. Hastie & Co., 3 Call 22; Conn & als. v. Penn & als., 1 Peters R. 523-26; Hanger v. Abbott, 6 Wall. U. S. R. 532; 1 Gall. R. 295; Griswold v. Waddington, 16 John. R. 438.
It is insisted, however, by the learned counsel for the appellants, that this case is taken out of the operation of the general rule above declared, because the debtor in this case was domiciled in Virginia up to the spring of 1861, and voluntarily left the state of Virginia and went to Washington, where he remained during the war; and that having thus voluntarily left his former domicil, he cannot claim the benefit of an abatement of interest due his creditor.
In my opinion this act of the debtor, though voluntary, cannot affect the status of the parties, or the legal rights and liabilities growing out of the laws of war. *He had the right upon the approach, or after the commencement of the civil war, to choose for himself which side he would take, which cause he would espouse. In our late unhappy civil war many men at the north were constrained by family ties, by early education, by local attachments, by political proclivities, by earnest conviction of right and duty, to leave the north and unite their fortunes and their destinies with the south in that cause which they believed was the cause of the right of self-government and of the maintenance of civil liberty. And so in the south there were men who, from the same motives, chose to espouse the cause of the north and to uphold the integrity of the union. In all civil wars men must choose for themselves which side they may take. But I will pursue this line of discussion no further, contenting myself with a reference to the admirable opinion of my brother Staples, delivered to-day in the case of Walker v. Beauchler, for the true doctrines upon this subject.
The question here is not how the parties became separated — whether voluntary or not — but the whole question is, were they separated? The question is not how the residence became changed, but where was the actual residence of the debtor and creditor during the war: were they during the war on different sides of the belligerent lines? If they were, no matter how they became thus separated, the question is closed. Dixon was in Washington from the early spring of 1861 till after the close of the war. The appellants were in the county of Fau-quier. A line of bristling bayonets was between them. They were enemies; no intercourse between them was lawful; no payment could be made; no money could be transmitted. It is clear, therefore, that it is a case where the interest ought to be abated.
*But one of the counsel for the appellants objected to the decree of the circuit court upon another ground. He argues, with much ingenuity, that inasmuch as the debts due to the appellants are secured upon land in the county of Fauquier; that the land is in a court of equity to be regarded as debtor, and not Dixon; and that therefore there should be no abatement of interest. A, brief reference to the facts of the case will be a sufficient answer to this position. Dixon, by deed bearing date December 8th, 1837, conveyed a large estate, real and personal, to a trustee, — first, to secure his creditors, among whom were the appellants: which deed provides that the said trustee is to have and to hold the above granted property, real and personal, upon the following trusts and confidences unto them the said parties of the second part: 1st. To pay a debt due Aquila Glascock of about six thousand dollars; a debt to Frank Fred of seven thousand dollars, and all other debts due and owing by the said Henry T. Dixon, amounting as it is supposed to about two thousand dollars; but, whether more or less, it is to be understood that all debts due by the said Dixon, enumerated or not enumerated, are to be paid; and to that end the said parties of the second part, trustees shall collect all deBts due to the said Dixon, and from time to time sell such of the property as may be necessary for that purpose, at public or private sale, as may be best. 2d. After the payment of all the debts due *586 by the said Henry T. Dixon, for the sole, separate and exclusive use and benefit of the said Annie R. Dixon, wife of Henry T. Dixon, for and during her life, free from the contracts and liabilities of her said husband, or of any future husband.
It became necessary, therefore, in the court below, to enquire and ascertain what debts of the said Dixon *were still due; because Mrs. Dixon, was entitled to the balance after payment of his debts. She filed her petition, claiming that her husband did not owe the interest on- the debts secured which had accumulated during the war; and the circuit court sustained that claim.
Now the land was merely the security for the debts due by Dixon; and after these debts were paid it belonged to Mrs. Dixon. It was competent to show what part had been paid, or that part was not in fact due, or that- no interest could be claimed for the period of four years. The debt was due by Dixon; the land was merely the security for its payment. •
Upon the whole case, Tam of opinion that there is no error in the decree of the circuit court, and that the same be affirmed.
Decree affirmed.
INTEREST.
I. When Interest Is Allowed.
1. General Principles of Allowance.
2. Accounts, Unliquidated, Doubtful or Uncertain.
3. Legacies and Annuities.
4. Obligations in Writing.
a. In General.
b. Penal Bonds.
5. Purchase Money.
6. Rents.
a. In General.
b. Under the Statutes.
7. Funds Held in Trust.
a. By Administrator.
b. By Attorney.
c. By Collector.
d. By Committee of Lunatic.
e. By Court.
f. By Employer.
g. By Executor.
h. By Fiduciaries.
i. By Guardian.
j. By Receiver.
k. By Trustee.
8. Money Paid by Mistake.
9. Verdicts, Judgments and Decrees.
a. On Contracts.
(1) At Law.
(2) In Equity.
b. In Action of Tort.
II. Compntation of Interest.
1. Partial Payments.
2. Application of Payments.
III. Time during Which Interest Accrues.
1. As Damages for Breach of Contract.
2. On Obligations in Writing.
3. On Money Paid by Mistake.
4. Interest from Institution of Suit.
IV. Suspension of Interest.
1. By Act of Creditor.
2. By Act of Law.
3. By Existence of War.
V. Compound Interest and Interest on Interest.
1. In General.
2. On Judgments and Decrees.’
3. On Claims Referred to a Commissioner.
4. On Successive Decrees in the Same Canse.
VI. Rate.
See monographic note on Usury appended to Coffman v. Miller, 26 Gratt. 6p8.
I. WHEN INTEREST IS ALLOWED.
i General Principles of Allowance. — “Interest is allowed because it is natural justice that he who has the use of another’s money should pay interest for it.” Pendleton, P., in Jones v. Williams, 2 Call 102. Cited with approval in Baker v. Morris, 10 Leigh, 284; McVeigh v. Howard, 87 Va. 599, 13 S. E. Rep. 31; Stuart v. Hurt, 88 Va. 343, 13 S. E. Rep. 438. See also, 3 Min. Inst. (2d Ed.) pt. 1, p. 383; Bart. Law Pr. (2d Ed.) 718.
It is allowed whether demanded eo nomine in the declaration or not for “the interest follows the principal as the shadow does the substance.” Coalter, J., in Hatcher v. Lewis, 4 Rand. 152. See also, 8 Min. Inst. (2d Ed.) pt. 1383; Bart. Law Pr. (2d Ed.) 718.
“It has always been lawful in Virginia for parties to contract for the payment of interest for the use or forbearance of money within the limits pre-scibed by statute; and in the absence of any express agreement for the payment of interest, in obligations for the payment of a certain sum of money on demand or on a given day, interest on the principal sum from the time it becomes payable is a legal incident of the debt, and the right to it is founded on the presumed intention of the parties.” Bures, J., in Roberts v. Cocke, 28 Gratt. 207. Quoted with approval in Kent v. Kent, 28 Gratt. 840; Cecil v. Hicks, 29 Gratt. 1, 26 Am. Rep. 391; McVeigh v. Howard, 87 Va. 599, 13 S. E. Rep. 31. See also, Cecil v. Deyerle, 28 Gratt. 775.
2. Accounts, Unliquidated, Doubtful or Uncertain.— Interest ought not to be allowed where the accounts are unliquidated and disputed between the parties. Kerr v. Love, 1 Wash. 172; Waggoner v. Gray, 2 Hen. & M. 603; M’Connico v. Cnrzen, 2 Call 358, 1 Am. Dec. 540; Skipwith v. Clinch, 2 Call 253; Stearns v. Mason, 24 Gratt. 484. Nor where the claim, though just, is doubtful. Auditor v. Dugger, 3 Leigh 241.
Under the statutory enactments, interest may be recovered on estimated rents and profits. See post, under the title “Rents.” As to the allowance of interest in actions of contract or tort and in suits in equity, see Va. Code 1887, §§ 3890, 8391.
3. Legacies and Annuities. — Where a testator bequeaths a certain sum to each of his two infant daughters, to be paid at age or marriage; but, if either die, her legacy to go to her sister; and one of them dies during infancy, the legacy thus accruing to her is due immediately and bears interest from one year after her death. Cary v. Macon, 4 Call 605.
Where slaves are specifically bequeathed to a child, when he or she shall attain the age of 21 years, or shall marry, and no provision is made expressly for maintenance in the meantime, their intermediate profits, if not otherwise disposed of, do not pass by a general residuary clause, but go to the legatee. In such case, the legatee is also entitled to interest on *587 the profits from the time of the receipt thereof hy the executor, no good reason appearing- for his failure to apply the principal to the use of the legatee. Quarles v. Quarles, 2 Munf. 321.
Interest is allowed on a legacy, where no certain time for payment has been appointed, from the end of one year from the testator’s death; and to a legatee in remainder, from the end of the year in which the tenant for life died. Shobe v. Carr, 3 Munf. 10.
If the testator “desire that no interest shall be demanded on alegacy, but that the executor will pay it off as soon as money can be raised by selling- certain property.” no interest is to be demanded until a reasonable time for raising the money shall have elapsed; after which, the executor, if he improperly withhold payment, is chargeable with interest. Patton v. Williams, 3 Munf. 59.
A testator directed his executors to set apart enough of his property to produce an annual income of a certain sum and pay such income in certain annuities. The executors failed to set apart the property and died wholly insolvent. One of the annuitants sued the administrator d. b. n. for her annuity with interest thereon. Reid, that she was not entitled to interest. Adams v. Adams, 10 Leigh 527.
In Hite v. Hite, 2 Rand. 409, the testator left 17 children. For four of them, as he states in his will, he had made ample provision. To each of his remaining children, he bequeathed a legacy of $1,000. There being no other provision for these children, interest was allowed on these legacies from the testator’s death.
In Lyon v. Magagnos, 7 Gratt. 377, the testatrix gave a legacy, directing that it should be paid within a year from her death. The legacy bears interest from the end of the year although there is no hand to receive it for thirteen years. See also, Bourne v. Mechan, 1 Gratt. 292; Granberry v. Granberry, 1 Wash. 246, 1 Am. Dec. 455.
For several years an infant legatee resided with and was maintained by her grandmother, who was chargeable with the payment of the legacy, the annual interest of which was less than the annual value of the maintenance. Reid, the grandmother should not be charged with interest on the legacy during the period of such maintenance. Arrington v. Cheatham, 2 Rob. 492.
Interest will not be allowed on the arrears of an annuity, which was to be paid in agricultural products at a particular place, the value of which was to be ascertained by testimony; and in the absence of any proof of a demand, at the place where it was to be paid, or of any agreement to dispense with such demand, and to convert the same into money. Philips v. Williams, 5 Gratt. 259.
4. Obligations in Writing.
a. In General. — in an action of debt on a note for a certain sum of money with interest from date, if the declaration does not claim interest, judgment upon non sum informatus should be given for the principal only. Hubbard v. Blow, 1 Wash. 70.
In an action upon a bond, the court may instruct the jury with regard to the interest. Fine v. Cockshut, 6 Call 16.
Before Va. Statute 1805, if the declaration did not demand interest, in an action upon a promissory note, and the defendant waived his plea, judgment could not be given for interest. Brooke v. Gordon, 2 Call 212.
In an action of debt on a single bill, under Va. Statute 1805, interest was allowed, although not mentioned in the bill or demanded in the declaration. Baird v. Peter, 4 Munf. 76; Wallace v. Baker, 2 Munf. 334.
In an action on a negotiable note, a demand of interest in the declaration, which is not demanded ni the writ, is not erroneous. Hatcher v. Lewis, 4 Rand. 152.
The purchaser gave a bond for the purchase price of a piece of land, with the provision that if he did not succeed in procuring the legal title, the contract should be void. He went into possession and continued to hold, but neglected to obtain, the legal title. Reid, that he ought to pay interest. Bailey v. James, 11 Gratt. 468, 62 Am. Dec. 659.
Where interest on a principal sum to date was included in a note, and there was a decree for the payment of the note, it was proper to decree interest on the whole amount. Kraker v. Shields, 20 Gratt. 377.
In a debt or check; where the declaration demands a sum certain and interest, the judgment may be for “the principal and charge of protest with interest thereon from the date of such protest.” Va. Code 1887, § 2853; Lake v. Tyree, 90 Va. 719, 19 S. E. Rep. 787.
b. Penal Bonds. — If a bond be given in the usual form with a penalty, conditioned to be discharged by the payment of the principal at a future day “with interest from the date if not punctually paid,” such back interest is to be considered an additional penalty and not recoverable. Waller v. Long, 6 Munf. 71.
A court of equity will relieve against back interest secured by way of penalty. Mosby v. Taylor, Gilmer 172.
In debt on a bill penal, a judgment entered upon nil dicit or non sum informatus, ought not to be reversed on the ground that the declaration, though describing the bill correctly as to the principal, penalty and date, omits to mention that the debt is payable “with interest from a day prior to the date” and that the judgment, in conformity with the bill penal, is entered for the penalty, to be discharged by the principal, with such interest and costs. Harper v. Smith, 6 Munf. 389.
Interest on a bond or judgment for a penalty may be recovered at law or in equity, although the principal and interest exceed the penalty. Tennant v. Gray, 5 Munf. 494; Roane v. Drummond, 6 Rand. 182; Baker v. Morris, 10 Leigh 294; Tazewell v. Saunders, 13 Gratt. 354.
By Va. Code 1887, § 3390 “the jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and fix the period at which such interest shall commence.”
5. Purchase Money. — Where a purchaser of land, being thoroughly informed of the defects of the vendor’s title, nevertheless agreed to pay interest on the purchase money from a certain day, he shall not be relieved from paying such interest on the ground that he could not get possession of a part of the land, which he knew, at the time of entering into the agreement, was held by another person. Mayo v. Purcell, 3 Munf. 243.
A part owner, being ignorant of the title of the other partners, remained in possession and enjoyment of the whole land for many years, but made their title known to the other partners immediately after it was discovered by himself. Upon a bill filed by them for partition, it was considered equitable, that he should account for their proportion of the rents received by him, deducting his disbursements *588 for securing: the title; that all leases he had made of the land should be acquiesced in by the plaintiffs; and that for the part he had sold he should pay the price received, with interest from the time of sale; the time when he received it not appearing- to be different from that of sale. Carter v. Carter, 5 Munf. 108.
In a contract for the sale of land, if no day be specified for delivering- the deed and possession of the land, but the money be payable after delivery of the deed; it must be understood that the deed is to be delivered and possession g-iven without delay. If, therefore, in consequence of a misunderstanding between the parties in relation to the terms of sale, this be not done, the vendor is bound to account for and pay the profits of the land received by him after the contract; and the vendee to pay interest on the money from the time it would have been payable if the deed had been immediately delivered. Hundley v. Lyons, 5 Munf. 342, 7 Am. Dec. 685,
Where the vendee has been in possession and the purchase money has remained unpaid, he shall pay interest thereon, although the vendor be in default, unless he has not only kept the purchase money idle, but had given the vendee notice that he has so kept it. Brockenbrough v. Blythe, 3 Leigh 619; Selden v. James, 6 Rand. 465; Oliver v. Hallara, 1 Gratt. 298; Bailey v. James, 11 Gratt. 468, 62 Am. Dec. 659.
Where the vendee so elects, he is entitled to have an account of the rents, issues and profits of the land, and to have them set off against the purchase money; or, if he elects to waive an account, he shall not pay interest on the purchase money. White v. Dobson, 17 Gratt. 262.
When it is Uncertain what amount, if any, is due on the bonds for the purchase money, interest will not be allowed except from the date of the decree. Stearns v. Mason, 24 Gratt. 484.
In a contract for the sale of real property, conditioned upon a termination of a pending suit respecting the title in favor of the vendor, the purchase price bears interest only from the final decree of the appellate court reversing the judgment of the lower court adverse to the vendor. Central Land Co. v. Johnston, 95 Va. 223, 28 S. E. Rep. 175.
6. Rents.
a.In General. — A court of equity may, in its discretion allow interest on arrears of rent. Interest was allowed where the tenant had endeavored to defeat the rents altogether and thereby delayed payment.’ Graham v. Woodson, 2 Call 249. But not where the lessor might have distrained. Skipwith v. Clinch, 2 Call 253.
Interest cannot be recovered as of course in actions for the recovery of rent,.but may be given, under circumstances to be judged of by the jury. Mickie v. Lawrence, 5 Rand. 571; Dow v. Adam, 5 Munf. 21. But where the proprietor delayed for many years to prosecute her claim for ground rents, she will not be allowed interest thereon, Mulliday v. Machir, 4 Gratt. 1.
A trustee, accountable for rents received by him, is chargeable with interest thereon. Mundy v. Vawter, 3 Gratt. 518. See also, Cross v. Cross, 4 Gratt. 257.
Interest is not recoverable by way of damages in an action for rent in arrear. Cooke v. Wise, 3 Hen. & M. 463. Nor, prior to the statutory enactments, was interest allowed on estimated rents and profits. Roper v. Wren, 6 Leigh 38; Payne v. Graves, 5 Leigh 561.
Judgment ought not to be rendered on a three months’ replevy bond, for interest from a day anterior to the date of the bond, but it may be rendered for interest from that date, on the rents and costs of the distress added together. And if the bond be taken, including interest from a day anterior to its date, such erroneous interest may be deducted, and judgment entered for the right sum. Williams v. Howard, 3 Munf. 277.
b.Under the Statutes. — By statute “in any action for rent, or for such use or occupation, interest shall be allowed as on other contracts.” Acts 1826-7, p. 26, ch. 27, § 3; Va. Code 1873, ch. 134, § 7; Va. Code 1887, § 2787.* Tenants, therefore, holding property which is the subject of controversy in a pending suit, are bound to pay interest upon the rents, though it is not ascertained who is the party entitled to receive them. Commonwealth v. Ricks, 1 Gratt. 416.
The landlord is entitled to interest on rent in arrear from the time it becomes due. Brooks v. Wilcox, 11 Gratt. 411.
Where one tenant in common occupied the whole property and was liable to his co-tenants for a reasonable rent, he was also liable for interest on such rent. Early v. Friend, 16 Gratt. 21.
Interest was allowed on estimated damages in Bolling v. Lersner, 26 Gratt. 65. As to interest on estimated rents and profits, see also, Vance v. Evans, 11 W. Va. 342.
It is supposed that the statute allows interest on rent in arrear where the parties are settling the transactions privately between themselves, although there be no action. See 4 Min. Inst. (3d Ed.) pt. 1, p. 127.
7. Funds Meld in Trust.
a. By Administrator. — An administrator paying away the assets of the estate to distributees, without notice of the debts or liabilities of his intestate, must account to creditors for the amount so paid away with interest. Cookus v. Peyton, 1 Gratt. 431.
An administrator residing during the Civil War in Winchester, was not liable for interest on funds of the estate in his hands during that period. Brent v. Clevinger, 78 Va. 12.
Where the administrator, during the Civil War, held money payable to distributees living within the United States lines, he should not be charged with interest thereon during that period. Dromgoole v. Smith, 78 Va. 665.
The mere neglect, on the part of an administrator, to invest small sums of unexpended moneys, will not render him chargeable with compound interest. Lovett v. Thomas, 81 Va. 245.
As to administrator’s liability for interest, see also, Adams v. Adams, 10 Leigh 527; Peale v. Hickle, 9 Gratt. 437.
b.' By Attorney. — Prior to statutory enactment, Va. Code 1887, § 2676, allowing interest in such case, where an attorney at law was employed to collect debts, and some of them were lost to his client through his negligence, he was chargeable for the principal of the debts so lost, but not with interest thereon. Rootes v. Stone, 2 Leigh 650. This case seems to be in conflict with Chapman v. Shepherd, 24 Gratt. 385.
c. By Collector. — If a collector, living in the neighborhood of his principal does not pay over his collections in a reasonable time, he is chargeable with interest thereon. Hawkins v. Minor, 5 Call 118.
d. By Committee of Lunatic. — As a general rule, the committee of a lunatic is only to be charged with simple interest upon the balances found against him, on a settlement of his account. Crigler v. Alexander, 33 Gratt. 674.
*589 e. By Court. — 'Where the funds have remained in the hands of the court during- the litigation, interest is not allowable except from the date of the judgement. Daniel v. Wharton, 90 Va. 584, 19 S. E. Rep. 170.
f. By Employer. — Where the compensation of an employee remains in the hands of the employer, it bears interest from the date it was due. Goldsmith v. Latz, 96 Va. 680, 32 S. E. Rep. 483.
g. By Executor. — There is no general rule as to an executor’s liability to pay interest on money in his hands. Each case must depend upon its own particular circumstances. In this case he was charged with it from the end of each year for the balance then resting in his hands; but such interest is not to be carried to the balance of the succeeding years. Granberry v. Granberry, 1 Wash. 246. See also, Burwell v. Anderson, 3 Leigh 348.
Where the failure to bring an executor to a settlement appears to have proceeded from neglect-of the residuary legatees, without any wilful default on his part, interest ought not to be charged on the balance due from him to the estate, except from the date of the decree. Fitzgerald v. Jones, 1 Munf. 150.
An executor or administrator, hiring slaves belonging to the estate of his testator or intestate, ought not to be charged with interest on such hire from the day it became due; but a reasonable time, to collect and apply the money, should be allowed before the commencement of interest. Dilliard v. Tomlinson, 1 Munf. 183.
Whether interest ought to be charged in an administration account, is a question, the decision of which may depend upon extraneous testimony. White v. Johnson, 2 Munf. 285.
An executor, except as to debts lost by his negligence or improper conduct, is chargeable with interest only, on his actual receipts. Cavendish v. Fleming, 3 Munf. 198.
Moneys directed to be invested by executors in government securities should be accounted for as if invested, after a reasonable time for that purpose; but the executor ought not to be charged with interest during such reasonable time. Carter v. Cutting, 5 Munf. 223.
Where a legacy is left in trust and the trustee refuses to act, the executor is not bound to pay the legacy until a new trustee is appointed by the court, and is not chargeable with interest before the decree. Johnson v. Mitchell, 1 Rand. 209.
Prior to statute allowing interest in such case, Va. Code 1887, § 2676, executors who fail by their negligence to collect a debt due to their testator by bond under a penalty, the debtor being good for the money at the death of the testator and continuing good for it for 14 years, when he fails, are chargeable with the principal and interest thereon up to the time of failure of the debtor; but they are not chargeable with interest since that time. Chapman v. Shepherd, 24 Gratt. 377.
h. By Fiduciaries. — Interest is required to be paid by fiduciaries on funds kept and used by them. And if such funds are kept they are presumed to have been used, and to have been worth or to have made interest. Sharpe v. Rockwood, 78 Va. 24; Templeman v. Fauntleroy, 3 Rand. 434.
I. By Guardian — A guardian is not to be charged with interest upon the money received by him from the day it is received, but he is to be allowed six months in which to invest it. Armstrong v. Walkup, 12 Gratt. 608.
The provision of sec. 2608 of Code 1887 allowing the guardian thirty days, during which time no interest shall be charged against him to invest funds of his ward does not apply where he fails to make any investment thereof, and he is charged with interest from the date of receipt. Snavely v. Harkrader, 29 Gratt. 113.
If, upon the first settlement of his accounts by the guardian, abalance remain in his hands on which he is to account for interest, such interest must, in his second annual account, be credited to the ward, like other profits of the estate; and if the interest and other profits credited in this second account exceed the disbursements, the surplus, whether it arise from the interest aforesaid or from other profits, will constitute a balance against the guardian, on which, if it remain in his hands, he must account for interest, which interest must, in the third annual account, be credited to the ward; and so on, totie* auoties. But, from the time the guardianship terminates, the account is to be settled on the ordinary principals of debtor and creditor as to interest, compound interest being generally excluded on both sides. Garrett v. Carr, 1 Rob. 196; Childers v. Deane, 4 Rand. 406; Cunningham v. Cunningham, 4 Gratt. 43; Handly v. Snodgrass, 9 Leigh 484; Armstrong v. Walkup, 12 Gratt. 608; Evans v. Pearce, 15 Gratt. 513; Martin v. Fielder, 82 Va. 455; Va. Code 1887, § 2606; 1 Min. Inst. (4th Ed.) pp. 486, 487.
j. By Receiver. — A receiver will not, as a matter of course, be chargeable with interest upon a snm which he is ordered to pay, unless special circumstances to warrant it are shown. Crawford v. Fickey, 41 W. Va. 544, 23 S. E. Rep. 662, 2 Am. & Eng. Corp. Cas., N. S., 417, and, note, p. 421.
k. By Trustee. — Where a trustee retains money in his hands for an unreasonable length of time, he is chargeable with interest thereon. Lomax v. Pendleton, 3 Call 538.
A trustee is chargeable with the interest on trust money in his hands, unless he can show it was necessarily kept in hands for the purposes of the trust. Miller v. Beverleys, 4 Hen. & M. 415. See also, Beverleys v. Miller, 6 Munf. 99, where, under the particular circumstances of the case, no interest was charged against the trustee. A trustee, accountable for rents received by him, is chargeable with interest thereon. Mundy v. Vawter, 3 Gratt. 518.
8. Honey Paid by Mistake. — Where, in the absence of fraud, money has been paid and received under a mutual mistake of fact, interest will be allowed only from the time the mistake was discovered and demand made. Craufurd v. Smith, 93 Va. 623, 23 S. E. Rep. 235. See also, Hull v. Watts, 95 Va. 10, 27 S. E. Rep. 829.
9. Verdicts, Judgments and Decrees.
a. On Contracts.
(i) At Law. — Where judgment was recovered for the principal debt, with damages in lieu of interest, and costs, and the debtor executed a mortgage to secure the payment, interest was allowed on the aggregate of principal, damages and costs, from the date of the mortgage till payment. Laidley v. Merrifield, 7 Leigh 346.
In an action of debt on a decree for an amount of interest thereby found due, interest on the amount of the decree maybe recovered in the shape of damages for its detention. Stuart v. Hurt, 88 Va. 343, 13 S. E. Rep. 438.
Under W. Va. Code, ch. 131, § 16, providing that where a judgment is rendered for the payment of money, “it shall be for the aggregate of principal and interest due at the date of the verdict if there be one, otherwise at the date of the judgment or *590 decree, with interest thereon,” it was held that, where this had "been done, it was error in a subsequent decree to reaggregate the debt by calculating interest to the date of the subsequent decree, and then to add this interest to the sum of the first decree and give interest on the second aggregate from the date of the last decree. Tiernan v. Minghini, 28 W. Va. 314, Por the construction of this provision, see also, Douglass v. McCoy, 24 W. Va. 722.
By Va. Code, sec. 3390, it is provided that ‘‘the jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and fix the period at which such interest shall commence. And in any action -whether on contract or for tort, the jury may allow interest on the sum found by the verdict, or any part thereof, and fix the period at which such interest shall commence. If a verdict be rendered which does not allow interest, the sum thereby found shall bear interest from its date, and judgment shall be entered accordingly.”
(2) In Equity. — Prior to Va. Stat. 1804, chancery courts could not grant interest, subsequent to the date of the decree, on debts not bearing interest in terms. Dilliard v. Tomlinson, 1 Munf. 183; Deanes v. Scriba, 2 Call 415. Nor. prior to said statute, could the court of appeals, in affirming a decree appealed from, allow interest on the amount of the decree pending the appeal. Scott v. Trents, 4 Hen. & M. 356. Since the 1st of May, 1804, when interest is allowed in equity, it should not stop when the balance of account is struck, nor at the date of the decree, but should run to the payment of such balance. Snickers v. Dorsey, 2 Munf. 605. See Va. Code 1887, sec. 3391.
b. In Action of Tort. — Prior to statutory enactment (Va. Code 1887, § 3390), interest could not be allowed upon a verdict in an action of tort Brugh v. Shanks, 5 Leigh 598. See also, Hepburn v. Dundas, 13 Gratt. 219.
It was held proper to charge interest from the date of the verdict, upon a judgment in an action of tort depending when a provision, similar to the one above referred to, went into operation. Lewis v. Arnold, 13 Gratt. 454.
Under Va. Code 1887, § 3390, which provides that if a verdict does not allow interest, the sum thereby found shall bear interest from (he date of the verdict, the judgment on a verdict for damages in an action of tort must allow interest from the date of the verdict, when interest is not given by the verdict. Fry v. Leslie, 87 Va. 269, 12 S. E. Rep. 671.
Under W. Va. Code, § 18, ch. 131, a judgment, in an action of tort, bears interest from the date thereof, and not from the date of the verdict. But judgments on contracts, as provided by § 14 of the same chapter of the code, bear interest from the date of the verdict. Talbott v. Ry. Co., 42 W. Va. 560, 26 S. E. Rep. 311. See also, Fowler v. R. Co., 18 W. Va. 579.
II, COMPUTATION OP INTEREST.
1. Partial Payments. — With regard to computing the interest where partial payments have been made, the court, in Lightfoot v. Price, 4 Hen. & M. 431, says; “That so much of any payment as is equal to, or exceeds the interest, is to be applied to the discharge thereof, and the residue towards discharging the principal, unless the debtor, at the time of the payment or before, directed otherwise; that is to say,'from the sum of principal and interest, computing the latter to the time of payment, the payment is to be deducted, and the balance forms a new capital; on that, interest is to be computed, from that time, but with this caution, that the new capital be not more than the former, so that if the payment be less than the interest due at the time, the surplus of interest must not augment the remaining capital; because that would give interest upon interest, which would be unlawful.” See also, Ross v. Pleasants, 1 Wythe 10; Hurst v. Hite, 20 W. Va. 183; Mercer v. Beale, 4 Leigh 189.
It is error in a commissioner to allow interest on part payments of a judgment; the proper rule is to bring the interest on the principal sum up to date of each payment, and deduct it from the amount of that payment, thus making the partial payments first applicable to the interest. De Ende v. Wilkinson, 2 Patt. & H. 663.
2.Application of Payments. — See the title “Application of-Payments,” 2 Am. & Eng. Enc. Law (2d Ed.) 467. Where it is agreed between a debtor and his creditor that the principal shall be first paid, the payments will he applied accordingly. Pindall v. Bank of Marietta, 10 Leigh 481.
III. TIME DURING WHICH INTEREST ACCRUES.
1. As Damages for Breach of Contract. — Where interest is allowed in an action for breach of contract, it should be computed from the date of such breach. Enders v. Board of Public Works, 1 Gratt. 364; Buchanan v. Leeright, 1 Hen. & M. 211.
2. On Obligations in Writing. — Where no time is fixed for the payment of the principal of a bond, it becomes due immediately and interest will be allowed from the date of its execution. Kent v. Kent, 28 Gratt. 840; McVeigh v. Howard, 87 Va. 599, 13 S. E. Rep. 31.
Upon a sale of a house and lot, upon credits extending through several years, where separate bonds are taken for the interest, they bear interest from the time they fall due. Græme v. Cullen, 23 Gratt. 266.
Coupons for interest' bear interest from the time they are payable. Gibert v. R. Co., 33 Gratt. 586.
A contract of sale, dated Aug. 26, 1873, says the bonds for the purchase money are "to bear interest from this date.” The trust deed describes the bonds as “dated Sept. 10, 1873, with 6 per cent, interestfrom Aug. 26, 1873.” The bonds say, “with 6 per cent, interest from date above,” when there is no “date above,” except the date of maturity of the bond. Held, the bonds bear interest from the date of the contract, Aug. 26, 1873, till paid. Ware v. Starkey, 80 Va. 191.
“The words ‘on demand’ have a plain, distinct, clearly defined, legal and popular signification, well known to the courts and to the people. When an obligation for money or its equivalent is executed containing this provision, the parties perfectly understand that the debt is payable presently; that it is due immediately and bears interest from its date.” Staples, J., in Omohundro v. Omohundro, 21 Gratt. 626. Approved in McVeigh v. Howard, 87 Va. 599, 13 S. E. Rep. 31.
By Va. Code 1887, § 3390, “the jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and fix the period at which such interest shall commence.”
3. On Money Paid by Histake. — Interest is allowed on money paid by mistake from the time the mistake is discovered and demand made. Craufurd v. Smith, 93 Va. 623, 23 S. E. Rep. 235.
4. Interest from Institution of Suit. — In a suit to subject the wife’s separate estate for improvements *591 thereon made Toy the husband without fraudulent intent while debts existed against him, interest should be allowed only from the commencement of the suit. Humphrey v. Spencer, 36 W. Va. 11, 14 S. E. Rep. 410.
IV. SUSPENSION OP INTEREST.
i. By Act of Creditor.&emdash;Evidence, in order to extinguish the interest, may be given to the jury on the plea of payment to a bond, that the plaintiff was absent in foreign parts beyond seas, and had not any known agent or attorney within the commonwealth. M’Call v. Turner, 1 Call 133.
The vendee of land, on a credit, to whom a deed is made, and possession given, is not excused from paying interest on the purchase money, where the payment of the principal was delayed by a third party, the vendee having continued all that time in possession and having enj oyed the profits. Selden v. James, 6 Rand. 465.
If a tender be made of a less sum than is justly due. a refusal to receive it is no bar to the subsequent recovery of interest on the sum so tendered from the time of the tender. Shobe v. Carr, 3 Munf. 10.
A willingness to pay the amount admitted to be due is not the equivalent of a legal tender of the amount, though followed by bringing the money into court to make the tender good, when no such tender was ever actually made. N. & W. R. Co. v. Mills, 91 Ya. 613, 22 S. E. Rep. 556.
3. By Act of Law.&emdash;An act of assembly authorizing the auditor to issue a warrant in favor of a creditor of the commonwealth on any particular fund will not stop the interest accruing on the debt, unless it appears that the fund was sufficient at the time for its payment. Commonwealth v. Newton, 1 Hen. & M. 90.
If a defendant, however, in a judgment for costs enjoins the collection of the judgment on grounds which do not affect its validity, he is liable for interest on the judgment from the time the injunction was granted. Shipman v. Fletcher, 95 Va. 585, 29 S. E. Rep. 325; Templeman v. Fauntleroy, 3 Rand. 434.
Where a debtor lawfully agreed to pay interest at 10 per cent., the court will compel the payment, though the debtor’s lands are placed in a receiver’s hands at the creditor’s instance. Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372.
3. By Existence of War.&emdash;Interest is suspended during a war where the creditor resides within the territory of one of the belligerent powers, and his debtor within that of the other. Roberts v. Cocke, 28 Gratt. 207; Brewer v. Hastie, 3 Call 22. But where creditor and debtor reside within same territory, interest is allowed. Coltrane v. Worrell, 30 Gratt. 434.
In Kirby v. Goodykoontz, 26 Gratt. 298, a trustee was held liable for a loss resulting from his investment of good money in confederate bonds, but he was not held liable for interest during the Civil War.
But after judgment for principal and interest of a debt, courts are without power to abate the interest on a debt on the ground that the creditor was within the lines of the enemy. Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625.
V. COHPOUND INTEREST AND INTEREST ON INTEREST.
i. In General.&emdash;It is a general rule of law that interest will not bear interest, unless there is some express or implied agreement to that effect between the parties. Pindall v. Bank of Marietta, 10 Leigh 481; Childers v. Deane, 4 Rand. 407. Nor does the mere agreement that interest shall be paid annually warrant the recovery of interest on interest, unless there be an agreement after an interest installment is due that interest shall be paid thereon. Genin v. Ingersoll, 11 W. Va. 549. Coupons for interest bear interest from the time they are payable. Gibert v. R. Co., 33 Gratt. 586. Interest upon interest on a legacy will not be allowed unless the testator plainly requires it. Calloway v. Langhorne, 4 Rand. 181. The executor has no power to bind the testator’s estate to pay compound interest, and only the principal sum originally due. with simple interest, should be charged the estate. Staples v. Staples, 85 Va. 76, 7 S. E. Rep. 199. As to when a guardian may recover compound interest for ward, see Va. Code 1887, § 2607.
But an agreement to pay interest upon interest is valid, if made after the interest which is to bear interest has become due. Stansbury v. Stansbury, 24 W. Va. 634; Craig v. McCulloch, 20 W. Va. 154; Pindall v. Bank of Marietta, 10 Leigh 481; Childers v. Deane, 4 Rand. 406; Fultz v. Davis, 26 Gratt. 903.
2. On Judgments and Decrees.&emdash;But a judgment or decree may be rendered on an interest bearing claim for the principal with accrued interest; and this aggregate, in the form of a judgment or decree, bears interest from its date. Stuart v. Hurt, 88 Va. 343, 13 S. E. Rep. 438; Pickens v. McCoy, 24 W. Va. 344; Tiernan v. Minghini, 28 W. Va. 314.
3. On Claims Referred to a Commissioner.-Where a commissioner’s report showed a balance due, from the defendant, consisting entirely of interest found due on an account never before settled, and stated, that that balance of interest was to bear interest from a remote day, and there was no exception to the report, and the court decreed the balance with interest accordingly, it was held that the decree was erroneous in giving interest upon the interest from a remote day since the interest should have been allowed only from the date of the final decree. Dunbar v. Woodcock, 10 Leigh 628.
There was a provision in a bond for the payment of money, that it should be paid three years after date, with interest at 10 per cent, per annum from date, the claim was audited by the commissioner at 10 per cent, to the time the report was completed. Held, that the amount so computed, principal and interest, should bear interest at the contract rate from the date of auditing till paid. Barbour v. Tompkins, 31 W. Va. 410, 7 S. E. Rep. 1.
4. On Successive Decrees in the Same Cause.-Where a decree was entered, in accordance with W. Va. Code, ch. 181, § 16, for the aggregate of the plaintiff’s debt, with interest on such aggregate from the date of the decree, it was held error in a subsequent decree, entered several years thereafter, to reaggre-gate such debt by calculating interest on such first aggregate sum to the date of the latter decree and giving interest on the second aggregate from the date of the last decree. Tiernan v. Minghini, 28 W. Va. 314.
VI. RATE.
See monographic note on Usury appended to Coffman v. Miller, 26 Gratt. 698.