STATE, TO USE OF RENFRO'S ADMINISTRATORS, Plaintiffs in Error, *vs.* PRICE & LUSK, Defendants in Error.

1. In an action on an administrator's bond, where the breach assigned was, that the administrator had failed to account for assets of the estate, and had converted the same to his own use, and the plea was the statutory plea of the general issue, *it was held*, that proof that assets had come to the hands of the administrator did not make out a *prima facie* case for the plaintiff.

*Error to Cole Circuit Court.*

*Edwards* and *Parsons*, for plaintiff in error.
*Hayden*, for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

This was an action of debt on an administrator's bond, brought by the administrators *de bonis non* of the estate of Jesse Renfro, deceased, against Price and Lusk, as the securities of one Martin, who was the original administrator on the same estate. In the declaration, there were four breaches of

the condition of the bond stated. The first breach alleged that Martin, the administrator, received personal property of the estate into his hands to be administered, and that Martin (who was stated in the declaration to be dead,) did not, in his lifetime, account for, pay or deliver the said personal property, according to the tenor of his bond, but converted the same to his own use, and that said personal property never came to the hands of the administrators of said Martin, or any person for them, but the said property remains wholly unaccounted for, and has not been by any person delivered to the administrators *de bonis non.* The second breach is of the same tenor, but relates to bonds, notes and evidences of debt, which the breach alleges, Martin, the deceased administrator, converted to his own use. The third breach is of the same tenor, in relation to a sum of money, which it was alleged, Martin received and converted to his own use. The fourth breach alleges the failure of Martin to file an inventory within the time, and in the manner required by law. The plea was the statutory plea of the general issue, which put in issue all the allegations in the declaration. The parties proceeded, to trial, and the plaintiffs produced and gave in evidence an inventory and appraisement, which showed an amount of personal property in the hands of Martin, the administrator, and also, an inventory of evidences of debt filed by Martin, and having shown the property and effects in the hands of Martin, and that Martin died about a year after the grant of administration to him, the plaintiff closed his case. The court, on motion of the defendant, instructed the jury that the plaintiff, on the evidence, could not recover, and the plaintiff took a non-suit, and having moved to set the same aside, brings the case to this court on a writ of error.

1. The whole question presented is, whether, upon the evidence offered, the plaintiff had made a *prima facie* case, so as to require the defendants, the sureties of Martin in the administration bond, to give evidence showing what Martin had done with the effects that came into his hands.

All that was shown, giving the fullest effect to the evidence of the plaintiff, was, that certain effects of the deceased had come to the hands of Martin, administrator, and that he had died.

The bond of an administrator is to protect creditors and distributees against the default of the administrator, and when any person sues upon the bond, he is to recover damages for such default. When he alleges that assets have come to the hands of the administrator, he does not thereby charge any default; when he alleges that assets have come to the hands of the administrator, and that he did not account for the same, but converted them to his own use, it depends on the form of the issue, as to which party shall have the onus of proving the disposition made of the assets. When the general statutory plea, formerly allowed by our laws, is pleaded, the plaintiff should give some evidence to show the default of the administrator. Slight evidence of a failure to account may throw the burden on the defendant of showing such disposition of the assets as the law warrants, and if, in the present case, the plaintiffs had shown that the administrator had not accounted in his life time, and that the assets had not come to the hands of his representatives, as in all the three first breaches is alleged, this would be sufficient evidence of the alleged conversion, to put the defendants to the proof of some disposition of the property which the law authorized.

The dispute, in this case, seems to be more about form than substance, and as the plaintiff stood merely upon the ground of showing the assets of Renfro's estate in the hands of Martin, the administrator, and as there was no affirmative issue to be established by the defendant, the plaintiff, in mere technical form, had not shown his right to recover on the three first breaches.

On the fourth breach, upon the evidence offered, the plaintiff was not entitled to recover, for he showed two papers filed by the administrator, one in which the property was appraised, but it purports to be an inventory, and the other, a list of notes

and other papers which professes to be an inventory; and there was no evidence given for the purpose of showing that they did not embrace all the assets.

The non-suit being taken, the court correctly refused to set it aside, and its judgment is, with the concurrence of Judge Ryland, affirmed; Judge Scott not sitting.