MADDEN'S HEIRS, Appellants, v. MADDEN'S ADMINISTRATOR
AND HEIRS, Respondents.

1. By the rules of chancery practice in force prior to the passage of the prac-
tice act of 1848, bills of exceptions were as necessary as in common law
suits.

2. Whether an administrator shall be charged with interest on money in his
hands belonging to his intestate's estate is to be determined by the circum-
stances of each case; he is not to be so charged as a matter of course.

*Appeal from Washington Circuit Court.*

This was a bill in chancery filed March 11, 1847, by cer-
tain of the heirs of Tomas Madden, senior, deceased, against
certain other of the heirs of said Madden and his administra-

tor. The object of the bill was to bring all the heirs into hotchpot, to obtain a settlement of the accounts of the administrator, a sale of the lands of the intestate, and an equalization of the heirs in the distribution of the estate. The facts being exceedingly complicated, it is deemed unnecessary to state them. The ground of the decision sufficiently appears in the opinion of the court. Both plaintiffs and defendants appeal.

*Frissell*, for appellants.

I. The court erred in dismissing the supplemental bill.

II. Interest was erroneously charged against the administrator.

*T. C. Johnson*, for respondents.

I. If any error was committed in the matter charging the administrator with interest upon moneys received by him, the error was in his favor and not to his prejudice. (Dunscomb v. Dunscomb, 1 Johns. Ch. 509 ; id. 533, 618 ; Strong v. Wilkerson, 14 Mo. 116.) The court committed no error in refusing leave to file a supplemental bill.

SCOTT, Judge, delivered the opinion of the court.

This case was a suit in chancery commenced in 1847, under the old practice. Under that practice, bills of exceptions were as necessary in chancery as in common law suits. The accounts settled by the court or by a commissioner appointed by the court could only be reviewed here on objections and exceptions to the opinions of the court. When an account was settled by a commissioner, exceptions were taken, and they were stated in the report together with the evidence and reported to the court, who decided the points raised before the commissioner if they were renewed, and on that decision an exception was taken as in all other cases. There is nothing in this record but the final decree which can be reviewed by this court. The calculations and evidence on which that decree is based not being preserved, there are no means of ascertaining its correctness.

Surely the case of Strong v. Wilson, 14 Mo. 116, did not intend to introduce any new method of settling administrator's accounts. Whether an administrator is to be charged with interest on the money in his hands belonging to an estate is a question to be determined by the circumstances of each case as it arises. He is not to be charged with interest on money in his hands as a matter of course. On the final settlement, or before if required to do so, the court will determine whether an administrator is properly chargeable with interest. To charge him in all cases with interest on money in his hands without regard to circumstances would be monstrous injustice. The money due on a note bearing interest, when collected, would of course cease to bear interest. But by maladministration the administrator might make himself liable for interest on that as well as for any other money in his hands. Debtors of the estate would be chargeable with interest until their debts were paid, and the administrator on collecting them would charge himself with the amount and interest would cease. If a distributee of a solvent estate owed it a bond bearing interest, whether the distributee would be charged with interest might depend on circumstances, but that is not a question for the administrator to determine. In collecting such a bond, he could only be guided by the face of it.

There was no error in the court's refusal to permit Frissell to file what is termed a supplemental bill for the partition and sale of lands in Ralls county, which were a part of Madden's estate. We do not see the principle on which the bill is founded. Besides, the bill professes ignorance of the state of the title and of the quantity of the land sought to be sold and divided. It seems Madden held an undivided interest in a tract of land situated in Ralls county, which was confirmed by the act of Congress of July 4th, 1836. Most of the land had been sold by the United States before the confirmation, and certificates of new location have issued, but it is said they have not been delivered. The quantity of the land sold by the United States has not been ascertained. As

the certificate or certificates of new location have not been delivered, how is it possible to get along with such a case?

· The other judges concurring, the judgment will be affirmed.