———o———

In The Matter of James L. Davis, Executor of the Estate of Charles B. Williams, deceased, Appellant.

1. *Administration—Annual settlements—Final settlement—Probate court, right of to examine and rectify prior settlements.*—Upon final settlement of an executor's accounts, the probate court has a right to examine the prior accounts and settlements, and rectify all mistakes therein.

2. *Administration—Money in hands of executor or administrator—When interest chargeable—Statute, construction of.*—Whether an administrator shall be charged with interest on money in his hands belonging to the estate, is to be determined by the circumstances of each case. (Wagn. Stat., 90, § 55.) Where the executor has let the money lie and heedlessly neglected to make it productive, the court may not visit him with a heavy penalty; but where he has used the money for his own purposes or for his own private gain, then the highest rate of interest allowed by the law may well be imposed. (Id., § 54.)

3. *Administration—Money in hands of executor—Interest charged.*—An executor at an annual settlement in 1871 showed some funds in his hands, and all debts proved up had been paid. At his final settlement, three years later, he made no further charge except for taxes and expenses of administration. It

appears, that after the settlement of 1871 the executor had mingled the money with his own; that he deposited it in bank to his own credit, and drew it out and used it as his own, and no reason was shown for the delay in making final settlement. The court, at final settlement, charged him with various items for which he had failed to account, and also with interest at eight per cent. from his settlement of 1871, with annual rests. *Held*, that the action of the court was right, and that the executor might well have been charged with ten per cent. interest.

### *Appeal from Daviess Circuit Court.*

*Rush & Davis*, for Appellants.

I. The court should have ordered the distribution of the estate in 1871, at the very date from which it now charges interest on the executor by way of damages. The executor was not in default till the court ordered distribution. (Wagn. Stat., 111, § 3.)

II. But even if an order of distribution had been made, no right to impose eight per cent. interest, as damages for failure to comply therewith, would have followed. (Wagn. Stat., 112, § 10; Id., 109, 110, §§ 13, 14, 15.)

III. It is nowhere imposed by express statute as a duty on the part of the executors or administrators to invest the funds of the estate for the benefit of the estate.

The first and primary duty of the executor is to settle and wind up the affairs of an estate in a prescribed manner, and not to make favorable investments of the funds of the estate, and during this time the growth and increase of the estate are secondary considerations.

But if there is any duty in this direction at all, it ought to be laid with as much force and urgency upon the courts as upon the executor or administrator; the latter being the mere creature of the former. And yet this duty is only put upon the court as a discretionary matter. (Wagn. Stat., 90, § 57.)

IV. The right to charge the executor or administrator with interest proceeds upon the principle of profits to the executor or administrator, and not of making them account therefor by way of a penalty, and there is no finding in this case

that any profit was made by the executor by such use. The term used by the statute is, that the court shall exercise an "equitable control" in this matter, not an arbitrary will in the imposing of penalties.

The statute says, that if you do use it, the court shall exercise any "equitable control" thereover (Wagn. Stat., 90, §§ 54, 55), and that the court did not exercise nor assume to exercise such equitable control thereover is plainly evidenced by the decree itself, in which the court says, that eight per cent. interest is imposed by way of damages for default in failing to distribute the estate.

V. If the estate was entitled to any interest at all, it was entitled to only six per cent. In this State, when no rate of interest is agreed upon, six per cent. is the legal rate of interest.

*M. A. Low*, for Respondent.

I. All interest received by executors on debts due to the deceased is assets in their hands. (Wagn. Stat., 90, § 54.)

II. The court should have charged the executor with ten per cent. interest on the balance which he retained and used in his individual business after he ought to have made final settlement, and asked for an order of distribution. Such rate of interest was easily procurable by him. (Wagn. Stat., 90, §§ 4, 5.) Such a course on the part of an executor or administrator should not be made pleasant and profitable if the courts have the power to prevent it. (Hook vs. Payne, 14 Wall., 252 ; Schuffelin vs. Stewart, 1 John. Ch., 620 ; Trevis vs. Townshend, 1 Bro., 384 ; Raphael vs. Boehm, 11 Ves., 92.)

WAGNER, Judge, delivered the opinion of the court.

The appeal in this case is from the finding and judgment of the probate court. The evidence is not embodied in the record, but the finding of the court, on which the judgment was based, is set out in detail. The circuit court confirmed the proceedings of the probate court, and the executor ap-

pealed. It appears, that on a final settlement of appellant's accounts, as executor of the estate of C. B. Williams, deceased, the court opened up the former annual settlements of the executor, and charged him with various items for which he had failed to account. The court also charged him with interest. The executor took out his letters in October, 1868. The annual settlements were made in 1869, 1870, 1871 and 1873. Final settlement was filed in 1874. The court found, that on the settlement in 1871, there was in the hands of the executor, belonging to the estate, $1,556.05, and that prior to that settlement all debts proved up against the estate had been paid, and that the only credits asked by the executor after that time were for taxes and expenses of administration ; that prior to, and after the settlement of 1871, the executor had mingled the money belonging to the estate with his own money ; that he deposited it to his individual credit in bank, and drew it out and used it as his own, and that no reason was shown for the delay in making final settlement. The court further found, that after the settlement of 1871, the executor had not been charged with any interest whatever on monies belonging to the estate in his hands, and therefore it charged him with the items for which he failed to account, and also with interest, at the rate of eight per cent. with annual rents from the settlement of 1871.

That the court had the right, upon the final settlement being made, to examine the prior accounts and settlements, and rectify all errors or mistakes that appeared therein, is too plain for argument, and has so often been decided in this court, that it is unnecessary to refer to the cases. The court found that the executor had wholly failed to charge himself, in his annual settlements, with certain debts which he had collected, and for monies which he had received for land sold ; and it did entirely right to charge him with those items and interest thereon, under the circumstances developed in the case. At the settlement of 1871 there was a large surplus remaining in the hands of the executor, and the debts were all paid. Instead of obtaining an order of distribution

the executor kept the money, mingled it with his own, and used it for his own purposes. These are the facts and circumstances under which chancellors are in the habit of imposing on executors and administrators the highest rate of interest, frequently compounding it. Our statute declares, that all interest, received by executors or administrators on debts due to the deceased, shall be assets in their hands; and if they lend the money of the deceased, or use it for their own private purposes, they shall pay interest thereon to the estate. The further requirement is also made, that the court shall, at each settlement, exercise an equitable control in making executors and administrators account for interest received by them on debts due the estate, and for interest accruing on money belonging to the estate, loaned or otherwise employed by them. (Wagn. Stat., 90, §§ 54, 55.)

In the case of Madden vs. Madden (27 Mo., 544), it was held, that whether an administrator should be charged with interest on money in his hands belonging to an estate, was to be determined by the circumstances of each case. That adjudication seems to be a correct exposition of the 55th section of the statute which gives the court an equitable control over the matter. But the 54th section says, that where the executor or administrator uses the money for his own purposes, he shall be charged with interest. No rate of interest is designated; that will depend on the facts surrounding each case. Where the executor has let the money lie, and heedlessly neglected to make it productive, the court may not visit him with a heavy penalty; but where, instead of acting for the interest of the estate, he has used the money for his own purposes, or for his own private gain, then the highest rate of interest allowed by the law may well be imposed.

In the present case the executor kept the estate open and the money in his hands for three years after all the debts were paid, and used the money for his own private purposes; the court, we think, would have been well warranted in charging him with ten per cent. But it only charged him

with the eight per cent. with annual rests, and, under all the facts and circumstances, we do not think there was any indiscretion in exercising its equitable control.

The judgment is affirmed. The other judges concur; except Judge Vories, who is absent.