THOS. KIDD, *et al.*, Respondents, *vs.* FRANCIS E. GUIBAR, Appellant.

1. *Guardian—Annual settlement, of what force.*—Annual settlements of guardians are mere exhibits showing the state of their accounts, and when the records of them are lost, their contents may be shown by parol. And entries relating thereto are in no sense judgments, and not conclusive on the ward.

2. *Judgments, lost—Contents, how shown.*—The contents of lost or destroyed judgments may be shown by parol.

3. *Guardian and ward—Credits allowed guardian—Parol testimony impeaching, what sufficient.*—To impeach by parol testimony, the allowances to a guardian for board, clothing and tuition, it is not necessary that the specific items allowed should be made to appear, where the testimony shows that no allowance whatever should have been made therefor.

*Appeal from Jefferson Circuit Court.*

*A. Green*, for Appellant, cited: 'Picot vs. Biddle's Adm'r, 35 Mo. 29.

*John L. Thomas & Bro.*, for Respondents, cited: Picot vs. Biddle's Adm'r, 35 Mo. 29, and cases there cited; Baker vs. Runckle's Exec'r, 41 Mo. 391.

HOUGH, Judge, delivered the opinion of the court.

This was an appeal from a final settlement in the probate court of Jefferson county to the circuit court of said county; from the judgment of which last named court the defendant has appealed to this court.

On the 22d day of October, 1867, the defendant was appointed guardian of the person and estate of Mary Isabella Simpson, who afterwards intermarried with the plaintiff, Thomas Kidd. Annual settlements were made by the defendant in 1868, and in 1872; and in 1874, after the intermarriage of the plaintiffs, a final settlement was had in the probate court, in which certain allowances granted to the guardian in his annual settlements, for the maintenance and education of his ward, were reviewed, disapproved and set aside. From this judgment the defendant appealed to the circuit court, where, on trial *de novo*, that court likewise decided that the guardian was not entitled to the credits

for maintenance and education allowed in the annual settlements.

It appears from the record that the original annual settlements and accompanying vouchers were lost, and the contents thereof, and the nature of the disbursements reported and allowed as having been made by the guardian for the benefit of the ward, were shown by parol testimony against the objections of the defendant. The entries of record showing that annual settlements had been made, and the amount of the ward's estate received and disbursed by the guardian, were relied upon by him as being conclusive of his right to the credits therein recited to have been allowed. The plaintiffs were unable to show the exact amount of any one of the lost vouchers, but it was admitted by the guardian, who was called as a witness for the plaintiffs, that all the allowances received by him, except for "expenses of administration," as he termed it, were for board, clothing, tuition, and medical attendance. Testimony was introduced in relation to these charges, from which the circuit court found that the guardian was not entitled to any allowance whatever for or on account of any one of them.

It is not claimed that the testimony was insufficient, in point of fact, to sustain the finding of the court ; but it is insisted that, as the annual settlements were lost, parol testimony was inadmissible to impair the effect of the records of the probate court, showing that certain credits had been allowed to the defendant ; and it is further urged that, even if such testimony were admissible, some specific items of credit must be shown to have been fraudulently, illegally, or improperly allowed before the annual settlements could be disturbed.

We see no difficulty in the case, and no error in the mode of proceeding adopted by the court. It was clearly competent to show the contents of the lost settlements by parol. They were nothing more than mere exhibits of the state of the guardian's accounts. (Sheetz vs. Kirtly, 62 Mo. 417 ; In re. J. L. Davis, Exec'r, 62 Mo. 453.)

The entries of record in the probate court relating thereto, were in no sense judgments of that court, and were not conclusive

upon the ward; they were *ex parte ;* they were merely historical and not judicial in their character; they merely recited that settlements had been made, and the state of the guardian's accounts, as reported by him. Even if the annual settlements themselves constituted solemn adjudications of the rights of the parties—which cannot for a moment be conceded—the testimony would still have been admissible.

The contents of lost or destroyed judgments may be shown by parol. (Gibson vs. Vaughan, 61 Mo. 418.) It would be a ruling full of peril to the estates of those whose rights it is the duty of the courts to guard with something of parental watchfulness and care, to hold that the annual settlements of administrators and guardians may be made conclusive by the loss of such settlements.

The testimony admitted failed to identify any particular items allowed, but the court found therefrom that no allowance whatever should have been made for any of the objects, on account of which the guardian claimed the disputed credits. If no allowances whatever should have been made for board, clothing, tuition and medical attendance, we cannot imagine why it should have been necessary to ascertain the specific amounts which were allowed for each of those several purposes, before they could be shown to be illegal or improper. The ground on which these allowances were denied, was that the services which the guardian required the ward to perform for him exceeded the value of her board, clothing and tuition. She attended the public school chiefly, and there were no physician's bills.

We see no reason for disturbing the judgment of the circuit court, and it will therefore be affirmed. Judges Napton and Sherwood concur; Judge Wagner absent.