THOMAS v. LIEBKE *et al.*, *Appellants.*

1. **Negotiable Note**: MAKER: PAYEE: INDORSEE: COMPOSITION. An accommodation maker of a negotiable note is not barred of his remedy against the payee and indorsee, by reason of a composition with the latter's creditors to which the maker of the note was not a party.

2. ———: CLAIM OF MAKER. In such a case the claim of the maker is not a claim upon the note, and is distinct from the claim proved up in the bankruptcy proceedings by the holder of the note.

3. ———: ———: PAYMENT. It is immaterial that the maker's claim was not matured by a payment of the note at the date of the composition agreement.

4. **Bankruptcy Proceedings, Discharge in**: ALLOWANCE TO SURETY. Where there is no general discharge in bankruptcy proceedings, the statutory provision limiting the allowance to a surety, does not apply.

5. **Principal**: SURETY: RECOURSE. To deprive a surety who has paid his principal's debt of a recourse upon the principal, the provision must appear in distinct terms, and must be strictly construed.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

---

* These syllabi are taken from 9 Mo. App. 424.

*G. M. Stewart* for appellants.

*Brown & Young* for respondent.

RAY, J.—This action was commenced in the St. Louis circuit court, where the defendant had judgment, from which the plaintiff appealed to the St. Louis court of appeals, where the judgment of the circuit court was reversed and the cause remanded, from which last judgment the defendant has appealed to this court. The case is reported in 9 Mo. App. 424, where the opinion appears in full. We have examined that opinion, with its reasoning and authorities, and believe it to be a correct and just application of the law to the facts of the case. We have also considered the arguments and briefs of counsel made and filed in this court, but fail to find therein any sufficient reason to depart from the rulings of the court of appeals. Its judgment reversing that of the circuit court and remanding the cause, is, therefore, affirmed. All concur, except HOUGH, C. J., absent