THE STATE OF MISSOURI to the use of JAMES W. PILES, Respondent, v. DANIEL RICHARDSON, Appellant.

### Kansas City Court of Appeals, March 19, 1888.

1. PRACTICE—EVIDENCE—ANNUAL SETTLEMENT OF GUARDIAN IN PROBATE COURT.—A certified copy of an annual settlement by a guardian in the probate court, "as being a true and correct copy from the records of said court," it is proper to assume, nothing appearing to the contrary, that it was filed therein, although noting on the back of a paper is not, properly speaking, the filing, but merely the evidence thereof.

2. ——— ——— ——— GROUND FOR ALLOWING SUCH SETTLEMENTS IN EVIDENCE.—These annual settlements are *prima-facie* evidence against the guardian and his sureties. The ground upon which they are allowed in evidence is the fact that they are solemn admissions made by the guardian over his signature and under oath. But entries of record relating to these settlements are in no sense judgments; they are merely historical, not judicial, in their character.

3. —— —— PROOF OF FACT OF GUARDIANSHIP—CASE ADJUDGED. The giving of bond by a guardian and filing his settlement showing a balance against himself is *prima-facie* evidence of his being guardian. And the recital of his appointment in the bond he gave is an admission of appointment. And such bond is good though not approved by the probate court. And where a balance was shown to be due the ward, as was done in this case, it throws the *onus* on the guardian to show that he had paid or discharged it.

4. —— —— CHARGING OF INTEREST UPON BALANCE—RULE CONCERNING—CASE ADJUDGED.—Where 'the guardian has neglected, for a long period, to account for his ward's money, and has, without any apparent cause or excuse, abandoned his trust and left the state, as in this case, and it further appears, that the ward was of age for five years prior to the judgment rendered in the suit on the guardian's bond, the guardian was properly chargeable with ten per cent. compound interest up to the date of the ward becoming of age, and after his becoming of age at six per cent. The principle is compensation to the ward, and not punishment to the guardian.

5. —— —— ALLOWANCE OF COMMISSIONS—IN WHAT CASES WITHHELD—CASE ADJUDGED.—Commission to a fiduciary is compensation for the performance of official duty. The performance of 'such duty is the consideration justifying commission. Where there was a total failure of duty, as in this case, the disallowance of any charge, though asked in behalf of the surety, was proper.

APPEAL from Chariton Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed, upon condition of remittitur of part of interest.*

The case is stated in the opinion.

CRAWLEY & SON, for the appellant.

I. The paper purporting to be a certified copy of an "annual exhibit," should have been excluded. (*a*) There is no evidence that the original was ever filed or passed upon by the probate court; while the paper itself bears no *indicia* of its purported character, save a mere certificate that it is "taken from the records." There must be something to show how and when and by what authority the original came to be among those records, before a copy is competent under the statute. Rev.

Stat., 1879, sec. 2321; *Dillon's Adm'r v. Bates*, 39 Mo. 302. (*b*) Defendant's undertaking expressly relates to the curator's dealing with an estate derived from the ward's mother, Mary Jane Piles; while this "exhibit" relates to an estate derived from James S. Piles, the father. There is nothing in evidence bringing the "exhibit" within the terms of the surety's contract, or the allegations of the petition.

II. The demurrer to the evidence should have been sustained. (*a*) There was no proof that Bradley ever received or took charge of relator's estate, under the bond. This averment of the petition was material. *State to use v. Martin*, 18 Mo. App. 469. (*b*) Giving the paper read in evidence full weight as a "settlement," and taking for granted it was regularly approved by the proper court, still, in the absence of further proof, the law presumes the balance then on hand has since been legally accounted for. "It is presumed, until the contrary is proved, that every man obeys the mandates of the law, and performs all official and social duties." 1 Greenleaf Evid. [13 Ed.] p. 50, sec. 40 ; *Lenox v. Harrison*, 88 Mo. 491.

III. The finding of $1,042.50 damages in this case is unwarranted upon any view of the evidence. (*a*) The statute does not fix a rate of interest, or measure of damages ; and it was error to charge ten per cent., with annual rests, as a mere matter of course. Rev. Stat. 1879, sec. 2599; Gen. Stat., 1865, p. 471, sec. 41 ; *Madden v. Madden*, 27 Mo. 544 ; *Cruce v. Cruce*, 81 Mo. 676. (*b*) Piles was twenty-six at the date of the trial ; and even where ten per cent. compound interest is proper to be charged, that rate ceases as soon as the ward attains his majority. The ward is then a creditor *sui juris*, and the demand stands upon a footing with any other debt about which there is no contract in regard to interest. *Tanner v. Skinner*, 11 Bush [Ky.] 120 ; *Armstrong v. Walkup*, 12 Gratt. [Va.] 608 ; *Guillet v. Jure*, 15 La. Ann. 417. This doctrine is expressly asserted in our own state. *Payne v. King*, 38 Mo.

508. (c) A curator is entitled to an allowance in the nature of commissions, in every case where he is charged with compound interest. This is even held to be true by some courts where there has been gross mismanagement or a misappropriation of the estate. *Vanderhayden v. Vanderhayden*, 2 Paige [N. Y. Ch.] 288; *Rapalji v. Norsworthy*, 1 Sandf. [N. Y. Ch.] 399; *Baker v. Laffitte*, 4 Rich. [S. C. Eq.] 392; *Frost v. Winston*, 32 Mo. 489. And sureties are entitled to the same allowance when sued on his bond. *Sanders v. Forgassan*, 59 Tenn. 246. (d) Where the evidence does not sustain the finding and the attention of the trial court is called to it in the motion for a new trial the judgment should be reversed, whether instructions have been asked or not. *Robbins v. Phillips*, 68 Mo. 100; *Moore v. Hutchinson*, 69 Mo. 429.

H. Lander and L. D. Isbell, for the respondent.

I. Appellant's abstract and brief fail to set forth the record as required by rules of court; and the errors assigned, if any, are not distinctly alleged. There is no abstract or abridgment of the record within the meaning of rule 15, of this court.

II. The points made against the certified copy of annual settlement of curator Bradley as evidence, are not well taken. Such settlement as against the curator is *prima-facie* evidence. *State to use v. Roeper*, 82 Mo. 62. This copy comes from the "probate court of Chariton county;" it is "subscribed and sworn to" by W. J. Bradley, "guardian and curator;" the name of each ward appears on the face of the paper, as "Noah Piles, Jas. W. Piles, Martha J. Piles." It is just the kind of document required by the guardian act. Rev. Stat., sec. 2600. It is certified to as being "a true and correct copy from the records of said court." It comes from the proper custody. A certified copy of any record or public paper, by the officer intrusted with the custody, is evidence. *Childers v. Cutter*, 16 Mo. 44. Every presumption is in favor of its being the proper

settlement required by the statute. It could not be a record of the court without the proper action of the court making it such.

III. The point made, that there is a variance between the petition and the evidence with respect to the name of the parent of the wards, is not well taken. The evidence shows that the wards were the children of Mary J. Piles and James S. Piles. Whether the children acquired the estate from the father, or mother, or from both, or from neither, is not a material question in the case. And even if it were material, appellant should have availed himself of the objection by the proper affidavit at the trial, under Revised Statutes, section 3565.

IV. The points made by appellant, that there is no evidence that the curator ever took charge of the estate, or that he has not paid the funds in his hands, are not well taken. His own sworn account, rendered as his third annual exhibit, is certainly *prima-facie* evidence that he took charge of the amount of the estate charged against himself at that time. And after thus showing himself liable for the money, it is a new rule of evidence that casts the burden on plaintiff to show that the defendant has not paid the debt.

V. The bond of the guardian is good, though not approved by the probate court. *State v. Farmer*, 54 Mo. 439. The recital of appointment in a guardian's bond is a solemn admission of appointment, and estops the obligor and sureties. *State ex rel. v. Williams*, 77 Mo. 464; *Dayton v. Johnson*, 69 N. Y. 419; *Fiske v. Whipple*, 39 N. Y. 394; *Bruce v. United States*, 17 How. (U. S.) 437.

VI. Whether ten per cent. compound interest should have been charged against the defaulting curator or his sureties, was a question to be determined by the trial court on all the facts presented. *In re Davis*, 62 Mo. 454; *Williams v. Pettigrew*, 62 Mo. 460.

VII. Both the petition and the affidavit for attachment show that Bradley, the guardian and curator, became a non-resident of the state. This fact is not

controverted by plea in abatement or otherwise, but stands admitted. A curator who leaves the state, taking with him his ward's money ; makes no settlement or even attempts to account for anything, is certainly guilty of the grossest misconduct and violation of his trust.

CRAWLEY & SON, on motion for rehearing.

I.   The decision in this case is in conflict with the controlling decision of the Supreme Court in *Renfro's Adm'r v. Price*, 17 Mo. 431.

II.   Aside from the annual exhibit made in 1876, there is no evidence in the record to warrant an affirmance of the judgment below. The *onus* is not on the surety to show what afterwards became of the balance then shown to be due to the ward. *Renfro's Adm'r v. Price*, 17 Mo. 431.

ELLISON, J.—At the conclusion of plaintiff's case defendant offered an instruction in the nature of a demurrer, which being refused by the court, defendant stood thereon and refused to introduce any testimony. The action was instituted on a guardian's bond against W. J. Bradley as principal, and defendant and one other as sureties. The suit was dismissed as to Bradley and the other surety, and left standing against defendant alone. The evidence for plaintiff consisted of the bond, Bradley's third annual settlement showing a balance due plaintiff, and oral evidence, to the effect that plaintiff, at the institution of the suit, was twenty-six years old, and was the son of James S. and Mary J. Piles, they being dead.

I.   Defendant objected to the introduction of a certified copy of the annual settlement, for the reason that it did not appear that it had ever been filed or passed upon by the probate court. It is certified by the judge of probate as being "a true and correct copy from the records of said court." If it is a copy from the records of the probate court, it is certainly proper to assume, nothing appearing to the contrary, that it was filed

therein. Indeed, I am unable to see how a settlement could become a part of the records of the court without being filed. Nothing on the back of a paper is not, properly speaking, the filing, but merely the evidence thereof. But it is said that the settlement should not have been received in evidence for the reason that it did not appear to have been passed upon by the court. These settlements are *prima-facie* evidence against the guardian and his sureties, and the objection made involves the question whether they are evidence from the fact of their being approved by the court, or from the fact that they are solemn admissions made by the guardian over his signature and under oath. I think it is undoubtedly upon the latter ground that they receive their probative force and upon which they are allowed in evidence. It has long been held in this state that these annual settlements are mere exhibits of the state of account and that their approvals are not judgments. And so it was directly decided in *Kidd v. Guinbar*, 63 Mo. 342, that entries of record relating to these settlements were in no sense judgments, they were merely historical, and not judicial, in their character. If I am correct in this, the settlement or exhibit became *prima-facie* evidence against the guardian and his sureties from the time he filed it in court. It might happen that a guardian would make out and file his settlement, and before its approval, or before offering or exhibiting evidence in support of it, he would abscond. It might never be approved. In such instances the sworn exhibit which he has filed in court would be evidence against him and his bondsmen.

II. The objection, that there was no evidence that the guardian ever took charge of the estate, or that he had not paid over the amounts stated to be due in his settlement, or that the bond had ever been approved, are not well taken. Giving bond and filing his settlement showing a balance against himself, is certainly at least *prima-facie* evidence against him. The recital of his appointment in the bond he gave is an admission of

appointment. *State ex rel. v. Williams*, 77 Mo. 464. "It has frequently been held by this (Supreme) court, that an administrator's bond was good though not approved by the county or probate court." *State to use v. Farman*, 54 Mo. 439; *Brown v. Weatherby*, 71 Mo. 152. When a balance was shown to be due to the ward, as was done in this case, it throws the *onus* on the guardian to show that he had paid or discharged it.

III.  The next contention urged upon us is, that the trial court erred in charging *compound* interest on the balance in the guardian's hands from the date of his settlement, in 1876, to the date of the judgment, in 1887, a period of eleven years. The matter of interest is within the equitable supervision, control, and discretion of the court, such control and discretion to be exercised according as the circumstances may surround the particular case. In this case it may be fairly stated, as arising from the record before us, that the curator has neglected for a period of eleven years to account for his ward's money, and that he has, without any apparent cause or excuse, abandoned his trust and left the state. I ought to say, in addition, that, it further appearing the ward was of age for five years prior to the judgment rendered. Under these circumstances, has the guardian been properly charged with interest at the rate of ten per cent., with annual rests from 1876 to the date of the judgment? I have looked into the question at some length, and find there is no great degree of uniformity in the adjudicated cases. In this state the courts have shown great jealousy of the conduct of guardians. They hold such trustees to a more rigorous account, and visit upon them more serious consequences for a breach of trust, than in many of the states. And yet it is held, in effect, in *Thomas v. Liebke*, 81 Mo. 675, that the principle is compensation to the ward and not punishment of the guardian. It is held in that case that the compensation to which the ward is entitled is to be measured by what the guardian did or could have made out of the fund. And that, at all hazards, the court

will make sure that the guardian reaps no profit off his ward's money, save his legal commission; that, therefore, when the guardian fails to show the actual interest received, or the real *status* of affairs, the court is justified, in cases of wilful or gross delinquency, in charging him with compound interest. If an executor uses money of an estate for his own private gain, it is held, per Wagner, J., that he should be charged with the highest rate of interest allowed by law. *In re Davis*, 62 Mo. 450. So it is held, per Hough, J., in *Williams v. Petticrew*, 62 Mo. 460, that " on money in his hands not reported according to law, but used by himself, he should be charged with ten per cent. interest computed with annual rests." To same effect is *Walker v. Walker*, 9 Wall. 743. Guided by the spirit and principle of the foregoing cases, I have concluded it was correct to charge the guardian with ten per cent. compound interest up to the date of the ward becoming of age. After he arrived at his majority, a different question presents itself.

IV. On becoming of age he was no longer the protege of the law. He became *sui juris*. While the debt remained due him from the guardian, for which the sureties would remain liable, yet the debt took upon itself the nature of an ordinary debt, and the guardian should thereafter be held for ordinary interest between debtor and creditor, which in this case would be six per cent. *Armstrong v. Walkup*, 12 Gratt. 608; *Tanner v. Skinner*, 11 Bush (Ky.) 120; *Clay v. Clay*, 3 Metc. (Ky.) 548. The case of *Payne v. King*, 38 Mo. 502, countenances the rule as stated.

It is among the objections made in this case that the court should have allowed, against the balance found due from the guardian, his commission as such. The objection is not tenable. Commission is compensation for the performance of duty. The performance of such duty is the consideration justifying commission. In this case there was a total failure of duty, and the disallowance of any charge, though asked in behalf of the

surety, was proper. *State to use v. Berning*, 74 Mo. 87; *McKnight v. Walsh*, 23 N. J. Eq. 136; *Walker v. Walker*, 9 Wall. 743.

If plaintiff will, within fifteen days, enter a *remittitur* for the amount of the difference between ten per cent. compound interest and six per cent. simple interest for five years before the judgment below, the time when the ward became of age, we will affirm the judgment; otherwise it will be reversed and the cause remanded. Philips, P. J., concurs. Hall, J., absent.

### On rehearing.

ELLISON, J.—A rehearing was granted in this cause that we might consider the suggestion of counsel, that that portion of the opinion holding that, when a balance was shown to be due the ward, it threw the *onus* on the guardian to show he had paid or discharged, was in conflict with the case of *Renfro, Adm'r, v. Price*, 17 Mo. 431, which had not been called to our attention. Since granting the rehearing, the case of *State ex rel. v. Weaver*, 92 Mo. 673, has been published, which fully sustains the position taken by us. That case, like this, was against the guardian's sureties, and the plaintiff's evidence in that case was quite like the evidence in this. It is, therefore, unnecessary for us to consider the case of *Renfro v. Price, supra*, as we, under the constitution, follow the latest ruling from the Supreme Court. The same *remittitur* being entered as required in the original opinion, the judgment will be affirmed. All concur.