JOSEPH ANSLEY, Respondent, v. WILLIAM C. RICHARDSON, Appellant.

**St. Louis Court of Appeals, May 27, 1902.**

1. **Administration:** SETTLEMENT OF ADMINISTRATOR: APPEAL TO CIRCUIT COURT. The final settlement of an administrator or executor is reviewable, both as to law and facts, on appeal from the circuit court to an appellate court in Missouri.

2. **Administrator May Employ Agent.** An administrator is authorized (subject to the approval of the probate court) to employ an agent to perform necessary labor on behalf of the estate, as well as to engage legal counsel for the same purpose.

3. **Administration:** ANNUAL SETTLEMENTS: PRIMA FACIE EVIDENCE. Annual settlements are prima facie evidence in favor of the administrator; and the allowance of a credit therein is such evidence of the correctness of the allowance.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

REVERSED AND REMANDED (*with directions*).

*Henderson & Gentry* for appellant.

(1) This is an equity case and the issue presented in it will be reviewed by this court as chancellors. In re Estate of Meeker, 45 Mo. App. 194; Finley v. Schlueter, 54 Mo. App. 458; Benne v. Schnecko, 100 Mo. 258; McElroy v. Maxwell, 101 Mo. 308. (2) Annual settlements of an administrator are prima facie evidence in his favor, and the burden is cast upon the exceptors to prove that charges therein allowed are improper. State ex rel. v. Strickland's Admr., 80 Mo. App. 405; Meyers v. Meyers, 98 Mo. 269; Ladd v. Stephens, 147 Mo. 342; 2 Woerner, sec. 504. (3) The

administrator is entitled to attorney fees in defending his final settlement where only a part of the exceptions are sustained. In re Estate of Meeker, 45 Mo. App. 197; Jacobs v. Jacobs, 99 Mo. 436.

*Lubke & Muench* for respondent.

(1) The action of the trial court in refusing to allow attorney's fees to the public administrator for defending the exceptions to his final settlement, was proper. Substantially all the exceptions were sustained, and the administrator has no right to expect the heirs of the deceased to pay attorneys for both sides in a successful effort to have his errors corrected. Where the administrator is defeated in an action against him for delinquency he must himself bear the cost of his unsuccessful defense. In re Soulard, 141 Mo. 670; Lilly v. Griffin, 71 Ga. 535; Crosswell on Executors and Admrs., secs. 546, 743; In re Meeker, 45 Mo. App. 197; Jacobs v. Jacobs, 99 Mo. 436. (2) The exceptions to the administrator's charge for commission, should also have been sustained. He is only allowed a commission of five per cent on personal property, and proceeds of real estate sales, which actually reach his hand *virtute officii*, and are properly paid away by him in the course of administration. Hitchcock v. Mosher, 106 Mo. 582; In re Garrison v. Trust Co., 77 Mo. App. 338.

BARCLAY, J.—This proceeding involves a review of the final settlement of the estate of Leonard Ansley, deceased, which estate is in charge of William C. Richardson, as public administrator.

The matter immediately in hand is an appeal from the decision of the circuit court upon a trial of exceptions filed by Joseph Ansley (one of the heirs and distributees of the deceased) to the final settlement of the administrator.

The judge of the probate court of the city of St. Louis (wherein the matter of the final settlement was pending) was interested in the case. Therefore, it was certified to the circuit court to be heard and determined, in conformity with the law on that subject. R. S. 1899, sec. 1760.

The case was tried in the circuit court with the result that five of the exceptions (out of the eight presented) were sustained in whole or in part. The circuit court re-stated the account, adjudged a certain balance due by the administrator, ordered the result to be certified to the probate court, and directed that the costs accrued in the proceeding for the accounting be taxed against the administrator. The other exceptions were overruled. The exceptions not sustained by the court in any particular were those numbered six and eight, which are as follows:

"6. He excepts to the charge of $51.25 alleged in said final settlement to have been reserved for the taxes of the year 1899, as being illegal and excessive.

"8. He excepts to the charge of $334 alleged to have been retained by said administrator for account of commissions and stamps as per said final settlement, because said charge is illegal and unreasonable."

The administrator took the appeal which is now before this court.

It will be convenient to state the facts bearing on each of the issues in connection with the rulings thereon.

1. At the outset, respondent claims that the questions presented by the exceptions are purely questions of fact, and that the findings of the circuit court, being sustained by evidence, may not be reviewed on appeal.

The Missouri law on this point does not seem to be as well settled as we might expect at this day. It was held in the matter of the estate of Danforth, 66 Mo. App. (St. L.) 586, that the review of a final settlement of an executor or administrator was analogous

to an accounting before a master in chancery, and as such was reviewable in this court upon the facts and the law. That case followed an earlier one in the estate of Meeker, 45 Mo. App. (St. L.) 186.

But in a pioneer decision, which we do not find to have been expressly overruled, it was held by a divided court that such an appeal only brought to the Supreme Court questions of law for review and would not warrant the reversal of a judgment upon issues of fact. Chouteau v. Consoue, 1 Mo. 350. Judge JONES in that instance dissented from the judgment of his two colleagues, Chief Justice McGIRK and Judge PETTIBONE.

We find, however, that the rule stated in the Danforth case, above, has been so frequently recognized both by the Supreme Court and the Courts of Appeals that it should now be accepted as defining the settled practice in Missouri under the statutory law of recent years. In re Davis, 62 Mo. 450; Booker v. Armstrong, 93 Mo. 49, Myers v. Myers, 98 Mo. 262; Hitchcock v. Mosher, 106 Mo. 578; Glover v. Holliday, 109 Mo. 108; Clark v. Bettelheim, 144 Mo. 258; Garr v. Harding, 37 Mo. App. (K. C.) 24; Wilson v. Ruthrauff, 82 Mo. App. (K. C.) 435.

2. We have reviewed the testimony. As the questions involved in the appeal are chiefly issues of fact, it does not seem necessary to burden the report of the case here with a review of the evidence on those issues. We will merely state, as shortly as possible, our conclusions on the various points of dispute.

3. The item of seventy-five dollars, allowed in favor of Mr. Oscar W. Roderman by the probate court on the first annual settlement, was reduced at last to fifty dollars by the circuit court. The amount had been paid Mr. Roderman by the administrator for services rendered the estate "in trying to find a purchaser for the lumber yard" and "helping in sorting papers and assets for the inventory" (to quote the language of the claimant as a witness). It has been approved

by Judge RASSIEUR, a very discriminating and careful probate judge, who passed upon the first annual settlement of the accounts of this estate.

It was held in Myers v. Myers, 98 Mo. 269, that "when the probate court allows a disbursement in an annual settlement, the allowance thus made is prima facie evidence of the correctness of the account. The annual settlements are therefore prima facie evidence in favor of the administrator."

That proposition has been confirmed by later decisions. Clarke v. Sinks, 144 Mo. 448; State ex rel. v. Strickland's Admr., 80 Mo. App. (K. C.) 401; State v. Elliot, 82 Mo. App. (K. C.) 458.

There is nothing in the report of the testimony of the last trial to overcome the presumption that the allowance by the probate court was correct.

The administrator was authorized, within the limit of a sound discretion, to employ (subject to the approval of the probate court, which was given in this instance) an agent to perform necessary labor such as was described in general terms by Mr. Roderman; just as he might make other reasonable outlays for the care and protection of the estate. Gamble v. Gibson, 59 Mo. 593; Williams v. Heirs of Pettigrew, 62 Mo. 469.

Here the services of Mr. Roderman are described in a general way; but not enough particulars thereof appear to indicate that the allowance as made at the first annual settlement was in any respect excessive. So we find in favor of appellant as to that item.

4. The items as to taxes for the years 1899 and 1900 should be allowed as credits to the administrator for the sums of $47.90, respectively (instead of $51.25), as held by the learned circuit judge.

5. The allowances to the administrator on account of attorneys fees, approved in the first settlement, we consider should not be disturbed. No sufficient showing has been made to convince us that they were unreasonable. The burden of proof on that

point was on the exceptor who has not discharged himself thereof.

6. The credit demanded in the final settlement for a similar item of service on behalf of the estate should likewise have been approved at the last hearing. It is sustained by positive and cogent testimony of experienced specialists in probate practice. The countervailing witnesses did not have the benefit of so complete a view of the facts involved as that on which was based the proof in support of the credit claimed by the administrator. The estate amounted to about eighteen thousand dollars. The usual routine of administration had to be carefully observed. There seems no valid ground to question the fairness or good faith of the administrator or of his counsel. The claim for a credit of two hundred and fifty dollars counsel fees on final settlement, is supported by convincing testimony. We hold that said credit should be allowed in favor of the administrator, as well as the costs of this proceeding, and the legitimate and reasonable expenses of defending against these exceptions.

7. The judgment is reversed and the cause remanded with directions to ascertain the items of costs and expenses last aforesaid, to state the final account to the date of that hearing in conformity with this opinion, and then certify as usual in such cases. *Bland, P. J.,* and *Goode, J.,* concur.