THE STATE ex rel. EVA A. IVIE et al. v. JOEL EWING, Administrator *De Bonis Non* of Estate of HORACE G. PITKIN, et al., Appellants.

In Banc, March 3, 1915.

1. **ADMINISTRATION: Order of Distribution: Res Adjudicata.** Where the judgment of the circuit court, certified to the probate court and made a record in the latter court, even though certified at the instance of the distributees, provided that they should have the right to take certain bank stock in the hands of the administrator, or its value at that time as fixed by the judgment, they had the right, both by the terms of the judgment and the statute, to choose whether they would take the specific personal property or its value in money, and the administrator had no right to compel them to accept a settlement on a money basis, which omitted the dividend the stock had earned; and in a suit on his bond, after he has appropriated the stock and dividends, and paid nothing under the order of distribution, a judgment charging him and his sureties with the market value of the bank stock, and the dividends, which he has converted to, his own use, is not erroneous.

2. ———: ———: **Interest.** Where the administrator has failed to distribute property of the estate as required by the law, or as required by an order of distribution, or has converted it to his own use, he is guilty of maladministration, and is properly chargeable with interest.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Fogle & Fogle* and *Higbee & Mills* for appellants; *Franklin Miller* of counsel.

(1) The court erred in charging Ewing with the value of the 24 shares of bank stock at the time of the

trial in November, 1911, value $4100 plus $1844 dividends, in all $5944, for the twenty-four shares of stock. According to the judgment of January 11, 1904, the court found the balance due from the administrator to be $9160.96; this included the twenty-four shares of stock at par. Plaintiffs had the option to take the shares if they so desired. The court, at the same term modified this judgment by allowing the administrator credit for the $2500 and interest paid the Farmers Exchange Bank, for overcharge by the deceased on real estate sold the bank. The plaintiffs appealed solely from this modification of the judgment. The reversal, by the Court of Appeals, of this modification left the original judgment of January 11, 1904, in full force. By the motion filed by plaintiffs on May 4, 1905, for an order on the administrator to distribute the $5347.60, plaintiffs exercised their option, and elected to take this sum in cash, and not in bank stock. This election became *res adjudicata* when the court sustained the motion and ordered the administrator to distribute $5000 to the plaintiffs. This order expressly required the administrator to distribute cash, not shares of stock. Plaintiffs should not be allowed to play fast and loose in this manner. Tower v. Compton Co., 192 Mo. 394; Light Co. v. Mach. Co., 170 Mo. App. 231. The premium on the bank stock at $160 per share, would be $1440. The court inadvertently charged Ewing with $1700 premium. This was $260 in excess of the premium at that valuation. (2) The court erred in charging the administrator with interest. He is not to be charged with interest as a matter of course. The respondents appealed from the final settlement approved by the probate court. They appealed from the judgment of the circuit court on that appeal, finding there was due from the administrator $5347.60. They have been contestants from first to last. The administrator has acted in good faith, has not used the money for his own private purposes, has never been in default, nor

refused to pay the sums ordered to be distributed; on the other hand, has repeatedly offered to pay them. Sec. 231, R. S. 1909; Madden Heirs v. Madden, 27 Mo. 544; In re Peters, 128 Mo. App. 671; Pound v. Cassity, 166 Mo. 419. The good faith of the administrator is the test. (3) The action brought by the present plaintiffs as heirs and distributees of the estate of Horace G. Pitkin, deceased, against Joel Ewing, administrator *de bonis non*, et al., in the circuit court of Scotland county, on January 10, 1907, and which was pending there until May, 1910, abated this action, during its pendency. Pocoke v. Peterson, 165 S. W. 1020; Warder v. Henry, 117 Mo. 541. It did not however, purge the litigation of its vexatious nature. (4) There were equities to be adjusted between the plaintiffs as shown by the order of distribution. The probate court has sole jurisdiction in such cases; hence this action could not be maintained. In re Estate of Elliott, 98 Mo. 379; Pound v. Cassity, 166 Mo. 426.

*E. R. Bartlett* and *P. F. Greenwood* for respondents.

(1) The trial court properly charged the defendants with $13,746.74 including the value of and dividends on bank stock. Such charge was not in excess of, but was in fact, some $2000 less than should have been charged. The liability of the bond is identical with the liability of the administrator on final settlement which had been previously adjudged as to amount, character, rate of interest and conditions. Secs. 231, 287, R. S. 1909. (2) The court properly charged the defendants with the present value of the twenty-four shares of bank stock as $4100, and with the $1844 of dividends collected by the administrator thereon. Such bank stock is admittedly the property of the estate, was so adjudged in the final settlement case, and ordered distributed together with the divi-

dends accrued and accruing thereon. The amount and receipt of the dividends was admitted in evidence by defendants, and the value of stock proven, and uncontroverted by defendants. The administrators' failure and refusal to distribute such stock and dividends in kind constituted a conversion on his part and a liability for the value thereof at the date of trial. No right or requirement of an election by the heirs to take bank stock in kind or the inventoried value in lieu thereof, could or did exist; and there was no authority in the trial court to require such an election. Had the court so decreed, its order would be mere verbiage and void. R. S. 1909, secs. 241, 247, 248. (3) The defendants were chargeable and properly charged with the $3526.10 of interest on the amount of money adjudged due from the administrator on final settlement. The amount is not excessive, but much less than the amount properly chargeable. While an administrator, pending the administration, or pending a proper litigation, is not chargeable with interest, as a matter of course, he is chargeable with interest on the balance adjudged due from him on final settlement, and which he has been ordered to pay from the date of such order, and that is the charge here made. Sec. 231, R. S. 1909; Estate of Camp, 6 Mo. App. 563; Julian v. Wrightman, 73 Mo. 568; Madden v. Madden, 27 Mo. 544; Henry v. State, 9 Mo. 778; Peters v. Berkemeier, 128 Mo. App. 666.

## STATEMENT.

This is a suit on the bond of an administrator *de bonis non* of the estate of H. G. Pitkin, wherein plaintiffs, as the distributees of the decedent, recovered judgment for $13,746.74. On the trial it was shown that H. G. Pitkin died July 3, 1895, leaving a widow and eight children, all of whom, or their representatives, are the relators in this suit on the bond of Joel

Ewing, who was appointed administrator *de bonis non,*
on June 4, 1896. This action was begun in 1907 in
Scotland county, and taken by change of venue to
Schuyler county, tried there, and judgment rendered
on the 15th of November, 1911. The case was tried
without the aid of a jury and the court made the fol-
lowing findings and rendered judgment accordingly:

```
Charged against said administrator by the Kansas City
        Court of Appeals  ...........................$ 2500.00
Interest on same from July 19, 1896, amounting to....  2145.73
Twenty-four shares of stock in the Farmers Exchange
        Bank of the par value of......................  2400.00
Premium on same, which the administrator has con-
        verted to his own use.........................  1700.00
Dividends on same  ...............................  1844.00
Amount adjudged January 11, 1903..................  2947.43
Interest on same amounting to.....................  1380.37

        Total  ......................................$14917.53
Credit as claimed by administrator................  1170.79

Balance due these plaintiffs .......................$13746.74
```

On the trial it appeared, as stated in plaintiffs'
petition, that a judgment was rendered by the circuit
court of Schuyler county, in the matter of the objection
of the heirs and distributees of H. G. Pitkin to the final
settlement of defendant Ewing, as administrator, on
the 11th day of January, 1904, wherein said adminis-
trator was adjudged to be indebted to the estate in the
sum of $9160.96. Among the items upon which that
judgment was founded were twenty-four shares of
bank stock. It was further provided in said judgment
that in the distribution of the estate the heirs and dis-
tributees, if they so desired, should receive the bank
stock in kind, together with all dividends collected
thereon by the administrator up to the time of distribu-
tion. At the same term of the circuit court of Schuy-
ler county (to which the matter had been taken on
change of venue), an order was made modifying the
aforesaid judgment by eliding therefrom an item of

$2500, and also an item of interest on the balance shown to be in the hands of the administrator on a previous settlement. According to such modification, the remainder of the judgment would have been $5347.43. From the action of the court in so modifying its judgment, the heirs appealed to the Kansas City Court of Appeals. [Ivie v. Ewing, 120 Mo. App. 124.] That court reversed the action of the circuit court and remanded the cause with directions to reinstate the two items complained of. The $2500 item was an amount which the administrator had paid to a bank, upon some alleged equity against the deceased. After the ruling of the Kansas City Court of Appeals, the bank returned that sum to the administrator. Pending said appeal to the Kansas City Court of Appeals, the circuit court made an order that $5000 of the amount of its judgment should be certified to the probate court for distribution. The testimony was conflicting whether this order was procured by the administrator or upon a motion on behalf of the distributees. By misprision the clerk of the circuit court made a transcript of this order for $5347.43 and furnished certified copies of it to some of the attorneys. The record seems to show that it was sent to the probate court of Scotland county. One of the incorrect copies of the order seems to have been found among the papers of the probate court. The defendant administrator has never paid any part of the amount adjudged against him on his final settlement to the plaintiffs. He tendered certain payments to them in money which they declined, because they wanted a distribution of the bank stock in kind, and also an accounting on his part for all the dividends collected thereon. In the judgment rendered on the trial of this case, the administrator was charged with the market value of the bank stock and its actual book value, and with the dividends collected thereon by him.

After the overruling of their motion for a new trial, the defendants duly appealed to this court.

## OPINION.

BOND, J.   (After stating the facts as above.)—

### I.

The appellants complain of the findings by the court that the administration was indebted for the market value of twenty-four shares of bank

<span style="font-variant: small-caps">Order of Distribution.</span> stock at the time of the judgment. There is no merit in this contention. The additional abstract of respondents discloses that their petition was amended on the trial by interlineation, so as to charge that the twenty-four shares of bank stock in the hands of the administrator had a market value of $181 per share. The evidence of this fact was not attempted to be controverted. The only inquiry therefore is whether the order of the circuit court, pending the appeal to the Kansas City Court of Appeals, for the distribution of the portion of the judgment which was not appealed from, was such an election by the plaintiffs as to debar them from demanding in the present suit, the delivery of the bank stock in kind and an accounting for the dividends thereon, which the administrator admitted on the trial he had collected. There was no election by the plaintiffs on this state of facts, even if it be conceded (which is denied by their attorney) that the motion for the order of distribution was made on their behalf. It stands confessed that the defendant has not paid a dollar under that order, and the very judgment, a part of which was so certified to the probate court, provided that the plaintiffs should have the right to take the stock then in the hands of the administrator, or its value at that time, as fixed in that judgment. Hence, when the order in question became a record in the probate court, the plaintiffs as distributees under the terms of the judgment as well as the express provisions of the statutes, would have been

entitled to choose whether they would take the specific
personal property in the hands of the administrator,
or its proceeds.   [R. S. 1909, secs. 247, 248, 249.]   The
record shows that the defendant administrator has
never tendered them the bank stock in specie, but has
appropriated it to himself, and that they have refused
his proffers of a partial distribution for that reason.
The case cited by appellant, Tower v. Compton Hill
Improvement Co., 192 Mo. 379, has not the remotest
analogy to the facts in this case.   The facts there
arose out of the sale of land upon restrictions in the
deed as to the cost and kind of improvements to be
erected.  In consideration of which, the grantor agreed
not to subdivide his adjoining property into smaller
quantities than 100 feet.   Two actions were brought,
one by the grantee for breach of that covenant on the
part of the grantor, who defended that plaintiff had
been guilty of a prior breach of the building restric-
tions.  Plaintiff was cast in the suit whereupon defend-
ant brought another action for a forfeiture and was
held to be precluded by the alternative defense which
he had made to the former suit.

In the case at bar there was nothing in the certifi-
cation to the probate court of Scotland county which
implied a refusal on the part of the plaintiffs to receive
from the administrator the shares of bank stock to
which they were entitled.   They were still entitled to
demand of him that specific property which he should
have delivered to them unless they refused to take it.
Instead of so doing, he sought to make them settle on
a moneyed basis.  This they declined to do.

## II.

Appellants finally complain that interest was
charged against the administrator on the amount
Interest.    shown in the judgment to have been due on a
previous settlement and on dividends re-
ceived by him, and on the $2500 repaid to him after the

decision of the Kansas City Court of Appeals. There was no error in such charge. The evidence abundantly shows that he had either converted this property to his own use, as he did the bank stock, or failed to distribute it as required by law, and hence was guilty of maladministration and properly chargeable with interest. [R. S. 1909, sec. 231; Julian v. Wrightsman, 73 Mo. 569; In re Peters v. Berkemeier, 128 Mo. App. 666; Madden v. Madden, 27 Mo. 544.] The undisputed facts show that this administration has lingered nearly eighteen years, with practically no debts against the decedent. The judgment rendered below is in all respects correct and based upon a very conservative estimate of the liabilities of the administrator, and is affirmed.

PER CURIAM.—The foregoing opinion of Bond, J., in Division No. 1 is adopted as the opinion of the Court In Banc. *Graves, Bond, Walker, Faris* and *Blair, JJ.,* concur; *Brown, J.,* concurs in result; *Woodson, C. J.,* expresses his views in a separate opinion.

WOODSON, C. J.—In my opinion respondents are allowed too much interest.